THE STATE OF KANSAS v. JAMES E. BURWELL.

1. CONTINUANCE — *Facts Showing Due Diligence.* Where a criminal information is filed nineteen days before the commencement of the term of the court, and the defendant causes a subpena to be issued six days before the commencement of such term for a witness who resides in the county in which the court convenes, and the officer by mistake serves the subpena upon the wrong person; and the defendant five days before the commencement of such term causes another subpena to be issued for such witness, and this subpena is served upon the witness at his usual place of residence, and not upon him personally; and the defendant again, on the day on which the court convenes, causes another subpena to be issued for such witness; and the case being called for trial on that day, the defendant moves for a continuance of the case to some subsequent day of the term, or to the next term, and supports his motion by affidavit, and the affidavit sets forth the foregoing facts and what would be the testimony of the witness if he were present, and such testimony is material; and the court overrules the motion, and requires that the defendant shall immediately proceed to trial: *Held,* Error; that up to that time the defendant had used sufficient diligence to procure the attendance of such witness, and that the continuance should have been granted.

2. OFFENSE, *Including Another Offense; Conviction, When.* Where a criminal information sets forth facts sufficient to constitute the offense of assaulting and wounding a person with intent to commit murder, under § 38 of the act relating to crimes and punishments, and the facts as thus set forth also constitute the offense of wounding under such circumstances as would constitute manslaughter if death had ensued, under § 42 of the crimes act, *held,* that the jury may find the defendant guilty of either of the offenses charged, as the evidence will justify. And generally, wherever a person is charged upon information with the commission of an offense under one section of the statutes, and the offense as thus

charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense.

3. ——— *Impeaching Verdict.* Where a defendant in a criminal prosecution has been found guilty by the jury, and the defendant to support his motion for a new trial offers to prove by the testimony of the foreman of the jury that he, the foreman, was "misled by the form of the verdict, and would not have signed it had he known its real meaning," and the court refuses to permit such testimony to be introduced, *held*, not error.

### *Appeal from Norton District Court.*

AT the April Term, 1885, the defendant *Burwell* was found guilty of wounding under such circumstances as would constitute manslaughter in the fourth degree, and sentenced to confinement in the penitentiary for one year, and to pay the costs of the prosecution. He appeals. The facts appear in the opinion.

*Louis K. Pratt,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: On March 25, 1885, a criminal information was filed by the county attorney of Norton county, which information, omitting the caption and verification, reads as follows:

"I, the undersigned, prosecuting attorney of said county, in the name, by authority and on behalf of the state of Kansas, give information that on the 23d day of January, 1885, in said county of Norton and state of Kansas, one James E. Burwell, with force and arms, did then and there unlawfully, feloniously, on purpose and with malice aforethought, in and upon the body of one W. A. Johnson then and there being, commit an assault, and did then and there, he the said James E. Burwell, with a pistol commonly called a revolver, loaded with powder and ball, a dangerous and deadly weapon, liable to produce death or great bodily harm, and the said pistol being then and there in the hands of the said James E. Burwell held, did then and there, the said James E. Burwell, with the pistol aforesaid, unlawfully, feloniously, on purpose and of malice aforethought,

shoot at, against and into the body of the said W. A. Johnson, thereby causing a serious and dangerous wound, with the intent then and there, him the said W. A. Johnson, unlawfully, feloniously, on purpose and with malice aforethought, to kill, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas.        L. H. Thompson, *Prosecuting Attorney.*"

On April 7, 1885, the defendant caused a subpena to be issued, requiring W. A. McKinney, who resided in Norton county, to attend at the next term of the district court, which was to begin on April 13, 1885, and give testimony as a witness on behalf of the defendant. By mistake of the officer, this subpena was served on the wrong person. On April 9, 1885, the defendant caused another subpena to be issued for McKinney, which was served at his usual place of residence, and not on him personally. On April 13, 1885, the defendant caused another subpena to be issued for McKinney. On the same day the case was called for trial. The last subpena had not yet been returned, and the witness was not present. The defendant therefore moved for a continuance to some subsequent day of the term, or to the next term, and supported his motion by an affidavit; but the court held that the affidavit was not sufficient, and overruled the motion. The case was then tried on April 13 to 15, 1885, and on the last day mentioned the jury returned the following verdict, omitting the title and signature:

"We, the jury duly impaneled and sworn in the above-entitled action, do find from the law and the evidence, the defendant James E. Burwell guilty of wounding W. A. Johnson in the manner charged in the information herein filed, under circumstances which would have constituted manslaughter in the fourth degree if death had ensued from said wounding."

The defendant filed a motion for a new trial, setting forth numerous grounds therefor, and in support of one of such grounds offered to prove by the testimony of the foreman of the jury that he, the foreman, was "misled and deceived by the form of the verdict, and would not have signed it had he known its real meaning;" but the court refused to permit

such testimony to be introduced, and overruled the motion for a new trial, and rendered judgment against the defendant, sentencing him to confinement and hard labor in the penitentiary for the term of one year, and for costs. To reverse this judgment the defendant now appeals to this court.

We think the court below erred in refusing to grant a continuance. The absent witness resided in Norton county, the county in which the trial was had, and was at home only a few days before the trial. Where he was at the time of the trial is not shown, except that he was not present at the trial. He was an important witness, being an eye-witness to all the difficulties and troubles occurring between the defendant and Johnson, furnishing the foundation for this prosecution. The affidavit set forth all these matters, and also set forth what the witness would testify to, which testimony would have tended to show that the defendant in shooting and wounding Johnson acted in self-defense; and the affidavit also stated that the attendance of the witness could be procured at that term or the next term of the court. We think the continuance should have been granted, at least for a few days, if not for the term. (*The State v. Roark*, 23 Kas. 147.) This refusal to grant the continuance was probably the only material error which the court below committed.

1. Continuance; due diligence shown.

The information set forth facts sufficient to constitute the offense of assaulting and wounding Johnson with intent to commit murder, under § 38 of the act relating to crimes and punishments; and the facts as thus set forth also constituted the offense of wounding under such circumstances as would constitute manslaughter, if death had ensued, under § 42 of the crimes act. That is, the offense charged in the information under § 38 included the offense of which the jury found the defendant guilty under § 42. Under such an information we think the jury were at liberty to find the defendant guilty of either of the offenses charged, as the evidence would justify. (*The State v. Fisher*, 8 Kas. 208; *Jarrell v. The State*, 58 Ind. 293; *State v. Waters*,

2. Offense, including another offense; conviction, when.

39 Me. 54; *State v. Phinney*, 42 id. 384; *State v. Butman,* 42 N. H. 490; *State v. Nichols*, 8 Conn. 496; *Kilkelly v. The State*, 43 Wis. 604; *The State v. White*, 45 Iowa, 325; *Robinson v. Commonwealth*, 16 B. Mon. 609.) And generally, we think, that wherever a person is charged upon information with the commission of an offense under one section of the statutes, and the offense charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense. (Crim. Code, §§ 121, 122; *The State v. Watson*, 30 Kas. 281; *The State v. O'Kane*, 23 id. 244.)

The court certainly did not err in refusing to permit the foreman of the jury to testify that he was "misled and deceived by the form of the verdict, and would not have signed it had he known its real meaning." No authority can be found that will sustain such a practice.

3. No error.

For the error above mentioned, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.