GISKIE, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 4 — May 12, 1888.*

*Criminal law: Murder: Pleading: Conviction of lesser offense: Instructions to jury: Reading statutory definition.*

1. An information for murder in the first degree will sustain a conviction of murder in the second degree.

2. It was not error for the court to state to the jury that it was conceded by the prosecution that there was doubt as to the sufficiency of the proof of deliberation and premeditation to sustain a verdict of murder in the first degree, and hence they did not ask such a verdict, but claimed and insisted that the evidence was sufficient to warrant a verdict of murder in the second degree; such charge being manifestly designed to prevent a verdict of murder in the first degree, not sustainable by the evidence.

3. It was not error for the court to read to the jury the statutory definition of murder in the second degree, and state that it was plain, simple, and easily intelligible, and as well understood by them as by any lawyer; that it was so plain as to need no construction; and that they were simply to determine whether or not the facts proved, if any, came within such definition.

4. A charge that if the jury did not think the evidence had established murder in the second degree, as defined by the statute, there was another section which would authorize them to find defendant guilty of manslaughter in the second degree, though, standing alone, it might seem to intimate that the evidence was such as to authorize such finding, is not misleading or erroneous if followed by explanations of what constitutes the lesser crime, and instructions to determine from all the evidence whether such crime was committed.

ERROR to the Circuit Court for *Green Lake* County.

The plaintiff in error was tried upon an information charging her with having, on January 2, 1886, wilfully, feloniously, and of her malice aforethought killed and murdered one Peter Armstrong. Upon such trial she was convicted of murder in the second degree; and thereupon she was sentenced to the state prison for the term of eighteen years. To review the judgment of conviction she has sued out this writ of error. The facts are sufficiently stated in the opinion.

*William Kennedy*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General*.

CASSODAY, J. It is undisputed that the deceased was a boy of about fifteen years of age, and came to his death by a bullet fired from a revolver in the hands of the accused. The accused was at the time about twenty-eight years of age, had separated from her husband, and was in the employ of one Davis as housekeeper. She had a child about three years of age. The house where she lived was a two-story frame building. It was situated near the depot in Appleton, and came up to the sidewalk. The upper part of it was occupied by Davis. From the front door of the house a stairway led directly to the upper part of the house. About 7 o'clock in the evening the deceased, his elder brother, and a boy of Davis, about eight years of age, walked from the depot to the front door of the house near the foot of the stairway, when a conversation took place between one or more of them and some person upstairs in the house. Thereupon the accused fired the fatal shot from the head of the stairway, and killed the deceased. There was no light in the house at the time, and it was dark outside.

There can be no question but what the information for

murder was sufficient to sustain the conviction for murder in the second degree. The rule is that where the offense charged in form includes another of a lower grade, the information will sustain a conviction of such lesser offense. "Thus," it is said, that "one indicted in the usual form for murder may be convicted of manslaughter, because, if the averment that the killing was with malice aforethought be negatived or stricken from the indictment, there remains a sufficient charge of manslaughter." *Kilkelly v. State*, 43 Wis. 608; *State v. Shear*, 51 Wis. 462; *State v. Burwell*, 34 Kan. 315; *State v. Yanta, post*, p. 669.

Here the exceptions are confined to the charge of the trial court to the jury, It certainly was not error prejudicial to the accused for the court to state to the jury, in effect, that it was conceded by the prosecution that there was doubt as to the sufficiency of the proof of deliberation and premeditation to sustain a verdict of murder in the first degree, and hence they were not asking for such a verdict, but claimed and insisted that the evidence was sufficient to warrant a verdict of murder in the second degree. Such charge, manifestly, was designed to prevent a verdict for the higher offense not sustainable by the evidence.

Nor was there any error in reading sec. 4339, R. S., and then stating, in effect, the statutory definition of murder in the second degree as being plain, simple, and easily intelligible, and as well understood by them as any lawyer; that it was so plain, simple, and concise as not to admit of construction; that it was simply a question for them to determine whether or not the facts proved, if any, came within such definition.

The jury were, in effect, told that no premeditated design or malice aforethought was necessary to constitute murder in the second degree, but that if there was a killing, and it was perpetrated by an act imminently dangerous to others, and evincing a depraved mind, regardless of

human life, then it came within such definition; that they were to examine the facts bearing upon that question whether it was such an act; that if they found all those things to have occurred, then they might convict of murder in the second degree. The court then said: "If in your judgment, however, that is not the offense which the evidence has established, then there is another section which you may consider, and that is one which would authorize you to find the defendant guilty of manslaughter in the second degree." This sentence, standing alone, might have misled the jury into the belief that the court meant to be understood as saying, in effect, that the evidence was such as to authorize them in finding the accused guilty of manslaughter in the second degree. But immediately after the court read the section (sec. 4351) and the charge then continued: "That section is also simple,— if a person kills another while resisting an attempt by such other person to commit a felony. In this case that is not claimed, that this Armstrong boy was engaged in an attempt to commit a felony, but it is claimed that he was engaged in an unlawful act; that he pushed in the door of this woman when it was barred; that his act was unlawful. That is for you to determine. Examine all the evidence bearing upon that question, and if you should find that this first section which I have read to you was not applicable to the case, but should find that the proof here brings it within the last section of the statute which I have read to you,— that this boy was engaged in the commission of an unlawful act, and was unnecessarily killed by this woman,— then you would be justified in finding the defendant guilty of manslaughter in the second degree. If you find her guilty of any offense at all, you must find her guilty of one of these two offenses. It is claimed on the part of the defense that this woman was not guilty of any offense at all; that the killing, which is conceded, was justifiable homicide." Then, after defin-

ing and explaining the law of justifiable homicide as applicable to the case in a way to elicit no exception, the question whether the evidence brought the case within it was fairly submitted to the jury for determination. *Loew v. State*, 60 Wis. 564. The killing was admitted, and it seems to us that the whole charge, when taken together, fairly submitted to the jury three questions — whether the accused was guilty of murder in the second degree as charged, or of manslaughter in the second degree, or whether the case was one of justifiable homicide. In fact such were the three forms of verdict submitted.

It appears from the record that the accused was ably defended by counsel in the trial court, and with commendable fidelity to his client the same counsel has sought to make every objection available in this court. But after a careful examination of the whole record we are forced to the conclusion, not only that the verdict is sustained by the evidence, but that there is no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.