Argued at Pendleton October 28, affirmed November 19, 1918, rehearing denied January 14, 1919.

## STATE *v.* GOODALL.*

(175 Pac. 857.)

**Animals—Cruelty to Animals—Variance.**

1. Where indictment framed under Section 2103, L. O. L., alleged
cruelty, and further, that horse was unfit for riding, but failed to
allege that defendant was owner as required under the second part
of such section, and evidence showed defendant to be the owner and
that he rode the animal while it had an ulcerated sore on its back,
there was no variance; the two parts of the section not being in
conflict.

**Animals—Cruelty to Animals—"Torturing and Tormenting Animals."**

2. The acts of riding a horse suffering with an ulcerated sore on
its back and shoulders which fell under the saddle blanket, and of
depriving the animal of necessary sustenance, constitute the crime of
"torturing and tormenting" within Section 2103, L. O. L.

**Witnesses—Impeachment—Prerequisites.**

3. In prosecution for cruelty to a horse where a deputy who made
the arrest had testified, accused was not entitled to show what he had
made the deputy admit, certain things, without complying with Sec-
tion 864, L. O. L., requiring the witness to be impeached to be asked
whether he made the statement and be allowed to explain it.

**Criminal Law—Harmless Error—Admitting Evidence—Unresponsive
Answers.**

4. In prosecution for cruelty to a horse, error, if any, in per-
mitting the question to be asked how long defendant rode the horse,
was harmless, where the answer was unresponsive so that the question
was never answered.

From Union: JOHN W. KNOWLES, Judge.

*On the question of cruelty to animals generally, see note in 41
L. R. A. (N. S.) 436.                                    REPORTER.

In Banc.

The defendant was indicted for cruelty to an animal, and a trial was had resulting in a conviction from which he appeals.                    Affirmed.

For appellant there was a brief over the names of *Mr. Eugene Ashwill* and *Mr. R. J. Green,* with an oral argument by *Mr. Ashwill.*

For the State there was a brief with oral arguments by *Mr. John S. Hodgin,* District Attorney, and *Mr.* George M. Brown, Attorney General.

BENSON, J.—The charging part of the indictment reads as follows:

"The said Scott Goodall, on the 6th day of January, 1918, in the County of Union, and State of Oregon, did then and there wrongfully and unlawfully torture, torment and deprive of necessary sustenance one certain animal, to wit, a gelding, by then and there saddling, riding and driving said animal while the same was afflicted with and suffering from a deep and ulcerated sore on its back, and a sore on its shoulder, and by so saddling, riding and driving said animal greatly aggravating said sores, and depriving said animal of sufficient food to keep the same in health or without suffering when driven or ridden, and then and there and thereby causing said animal great and excruciating pain and suffering, all contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

This indictment was framed upon the provisions of Section 2103, L. O. L., which comprises Sections 1 and 2 of an act of the legislature enacted in 1885, and found in the laws of Oregon for 1885, at page 45 thereof, which sections read as follows:

"Section 1. Whoever overdrives, or overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates, or cruelly kills, or causes or procures to be so overdriven or overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly beaten, mutilated or cruelly killed, any animal; and whoever having the charge or custody of any animal, either as owner or otherwise, inflicts cruelty upon the same, shall, for every such offense be punished by imprisonment in the county jail not exceeding sixty days, or by fine not exceeding one hundred dollars, or by both fine and imprisonment.

"Section 2. Every owner, possessor or person having the charge or custody of any animal, who cruelly drives or works the same when unfit for labor, or cruelly abandons the same, or who carries the same, or causes the same to be carried in or upon any vehicle or otherwise, in a cruel inhuman manner, or knowingly or willfully authorizes or permits the same to be subjected to torture, suffering or cruelty of any kind, shall be punished for each and every offense in the manner provided in section (1) one."

There was evidence tending to prove that defendant was the owner of the horse, and that he rode the animal a distance of five or six miles on two different occasions at a time when it had an ulcerated sore on its back with an area of four by six inches, from which pus trickled down the sides of the beast, and that the saddle and the blanket underneath pressed upon the sore. Defendant contends that these facts, if proven, can justify a conviction only under Section 2 as quoted above, and that since the indictment is based upon the language of Section 1, and does not charge the defendant with being the owner of the horse, while it does charge the alleged cruelty as consisting in riding the

animal when it was unfit for labor, there is a fatal variance between the pleading and the proof.

1. The two sections of the statute, as we view them, are not in conflict, and the second section is not in any sense a limitation of the first. Both are comprehensive and general, and by the same specific acts it is possible to violate the provisions of both.

In *State* v. *Burwell,* 34 Kan. 312 (8 Pac. 470), the court says:

"And generally, we think, that wherever a person is charged upon information with the commission of an offense under one section of the statutes, and the offense charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense."

In *State* v. *Seward,* 42 Mo. 206, the court says:

"But the next question is, whether the indictment does not sufficiently set out an offense under the thirty-second section. It is immaterial what section was in the mind of the pleader when the indictment was drawn, or on what particular section he intended to base it, provided that a sufficient description is set out as to any offense created or recognized by the statute."

In *State* v. *Emerich,* 87 Mo. 110, the same court says:

"And there are cases where the pleader attempts to draft an indictment under one section, and blunders into another; in such case, the indictment may still charge an offense after rejecting surplusage."

2. The indictment in the present case charges that the defendant cruelly tortured and tormented the animal by riding it when it had a deep, ulcerated sore on its back, and by supplying it with insufficient food. The Standard Dictionary defines torture as "the act or operation of torturing; the infliction of or subjection to extreme physical pain." The same authority defines torment thus: "To subject to excruciating bodily

or mental suffering.'' It is clear that the act of riding a horse in such condition as that described in the indictment, and elaborated in the evidence, constitutes the crime of torturing and tormenting an animal, as is also the act of depriving the animal of necessary sustenance. Defendant's contention upon this point fails.

The only assignments of error not disposed of thus far, consist of challenges to the admissibility of evidence. The first of these is found on page 41 of the bill of exceptions, as follows:

''Q. Have you done everything in your power to remedy this sore?

''A. I have, and I made that deputy admit that it was—

''Mr. Hodgin.—We object to that.

''The objection is sustained as not responsive to the question.

''Q. What did the deputy admit?

''Objected to as incompetent, irrelevant and immaterial.''

3. The objection was sustained and defendant excepted. It is now urged that the answer was admissible as an impeachment of the deputy who had been a witness. Section 864, L. O. L., discloses the only manner in which such evidence could have been made available for the purpose of impeachment, and it was not followed, so the objection was properly sustained.

4. The remaining assignment is disclosed by the bill of exceptions as follows:

''Q. And how long did you ride it after the cow?

''Objected to as incompetent, irrelevant and immaterial and not cross-examination.''

The objection was overruled and an exception taken. The witness then replied:

''The sore was dry and painless at that time.''

It is a sufficient response to this assignment, that the question was never answered, and therefore the ruling was harmless.

We find no error in the record, and the judgment is affirmed.        AFFIRMED.        REHEARING DENIED.

