No. 25,635.

THE STATE OF KANSAS, *Appellee*, v. EMERY CLAY, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Complaint Sufficiently Charged a Felony.* The complaint examined in a criminal case and found to sufficiently charge a felony.

2. SAME—*Evidence Sufficient to Bind Defendant Over to District Court for Trial.* The evidence considered and found sufficient to bind the defendant over to the district court for trial.

3. SAME—*No Reversible Error in Record—Judgment Modified as to Costs.* Various assignments of error considered and held to be without substantial merit.

Appeal from Clark district court; LITTLETON M. DAY, judge. Opinion filed October 11, 1921. Affirmed as modified.

*Robert C. Mayse,* of Ashland, for the appellant.

*C. B. Griffith,* attorney-general, and *J. B. Hayes,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of assault, and appeals.

The testimony, which was not disputed by the defendant, showed, among other things, that the complaining witness (H. C. Butz) was sitting in the door cleaning his finger nails with a knife; that the defendant approached him, calling him vile names and stating to him that there was going to be a fight, with or without knives, as Butz preferred; that the defendant took his knife out of his pocket, told Butz that if he (Butz) did not put his knife up that he (Clay) would cut his guts out. Butz closed his knife and put it in his pocket. Clay then did likewise. Butz said he did not want to fight but Clay struck him and knocked him down. As Butz was arising Clay again struck him, knocking him down the second time; that, at the time the defendant made the threat, he held his knife in his right hand with the blade open; that immediately after the second time he struck Butz, he again had his knife in his hand.

The same testimony, substantially, was given by the same witnesses both at the preliminary hearing before a magistrate, and at the trial in district court.

The defendant contends that the complaint and warrant under

which he was arrested charged simple assault only, and that the magistrate had no authority to bind him over for trial in the district court; that the charge against him constituted a misdemeanor only, and that jurisdiction, having been first acquired by the justice court, the district court was without jurisdiction to try him until he had been tried in the justice court. In support of these contentions he argues that the trial court erred in overruling a motion to dismiss the prosecution because of want of jurisdiction; in overruling his motion to quash the complaint, the warrant and the information; in overruling his demurrer to the state's evidence and motion for a directed verdict; in the giving of alleged improper, and incomplete instructions; and in overruling his motion in arrest of judgment. These various contentions are without merit. The complaint, warrant and information stated:

"Whereas, complaint in writing has been made to me, and it appearing that there are reasonable grounds for believing that on the 15th day of February, 1922, in Clark county, and state of Kansas, one Emery Clay did then and there unlawfully, feloniously assault H. C. Butz with a deadly weapon, to wit: a large pocket knife held in the right hand of the said Emery Clay with the blade open, and the said Emery Clay did then and there threaten to cut the guts out of the said H. C. Butz with said large pocket knife with the blade open. Contrary to the form," etc.

The complaint sufficiently charged a felony, and under the evidence, the justice was warranted in binding the defendant over for trial in the district court. The trial court sustained the information as charging a felony, but instructed the jury only for assault. We are of the opinion that the trial court committed no error in so doing. (See R. S. 62-1023; *The State v. Burwell,* 34 Kan. 312, 8 Pac. 470; *The State v. Way,* 76 Kan. 928, 93 Pac. 159; *The State v. Wright,* 112 Kan. 1, 208 Pac. 630.)

The defendant also contends that the trial court erred in overruling a motion to retax the costs. Following his contention that the complaint and warrant alleged only a simple assault, he argues that he should not be charged with costs which accrued in the district court. He states that he offered to plead guilty to simple assault in justice court. It appears, however, that his offer to plead guilty was in connection with a stipulation that he fix the penalty for his guilt. No offer appears to have been made to plead guilty to assault in the district court. This contention is not tenable. A defendant has no right, on pleading guilty to an offense, to prescribe what penalty shall be inflicted as punishment. It does appear. how-

ever, that two items of cost in the district court were improperly charged to him: $5 for filing the information and $25 for trial in district court. These items are not in conformity with R. S. 28-105, which, among other things, provides:

"Whenever the prosecuting witness or defendant is adjudged to pay the costs, the court shall tax as costs the following fees: for drawing indictment or information for felony, five dollars; for drawing indictment or information for misdemeanor, two dollars and fifty cents; for drawing complaint for misdemeanor, two dollars and fifty cents; for trial in case of murder or manslaughter, twenty-five dollars; for trial on other felony cases, ten dollars; for trial in misdemeanor cases, five dollars."

The costs in this regard should be retaxed in accordance with the provisions of the statute, as for misdemeanor.

As modified, the judgment is affirmed.

HARVEY, J., not sitting.