Argued and submitted October 27, 1986, affirmed February 11, reconsideration denied
April 24, petition for review allowed May 27, 1987 (303 Or 454)

**STATE OF OREGON,**
*Appellant,*

*v.*

**DONALD EDWARD CORNELL,**
*Respondent.*

(85-1106; CA A38557 (Control))

**STATE OF OREGON,**
*Appellant,*

*v.*

**MARK ALLEN PINNELL,**
*Respondent.*

(85-1107; CA A39036)
(Cases Consolidated)

732 P2d 922

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondents. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

Van Hoomissen, J., dissenting.

## WARDEN, P. J.

The state appeals orders dismissing charges of aggravated murder against each defendant. We affirm.

Defendants were each charged with one count of aggravated murder, ORS 163.095(1)(e), and two counts of felony murder, ORS 163.115(1)(b), all related to the killing of the same victim. Both defendants moved for dismissal of the aggravated murder counts, and in substantially identical pretrial orders the trial court granted the motions,[1] holding that ORS 163.095(1)(e) is unconstitutionally vague under Article I, sections 20 and 21, of the Oregon Constitution and the Fourteenth Amendment. The statute elevates murder to aggravated murder when it is committed "in the course of or as a result of the intentional * * * torture of the victim." The legislature has not provided a statutory definition of "torture," and the court reasoned that, in the absence of a definition, courts and juries are powerless to define and apply the term to the facts of a given case.

A statute which defines criminal conduct offends the Privileges and Immunities Clause, Article I, section 20, of the Oregon Constitution[2] if it "gives unbridled discretion to judges and jurors to decide what is prohibited in a given case." *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985); *see State v. Blair,* 287 Or 519, 523, 601 P2d 766 (1979). A criminal statute violates the principle against *ex post facto* laws embodied in Article I, section 21, of the Oregon Constitution[3] if it allows "a judge or jury to exercise uncontrolled discretion in punishing defendants." *State v. Graves, supra,* 299 Or at 195. A criminal statute "must be sufficiently explicit to inform those who are subject to what conduct on their part will render them liable to its penalties." *State v. Hodges,* 254 Or 21, 27, 457 P2d

---

[1] The appeals were consolidated. Trials on the felony murder counts have been stayed pending the determination of this appeal.

[2] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[3] Article I, section 21, provides, in part:

"No *ex post facto* law * * * shall ever be passed, nor shall any law be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution * * *."

491 (1979); ORS 161.025(1)(c).[4] A statute is not required to define an offense so precisely that in every case a person can determine the specific conduct that will fall within the statute's reach, but a reasonable degree of certainty is required by Article I, sections 20 and 21. *State v. Graves, supra,* 299 Or at 195.

The state essentially contends that "torture" is a common word within ordinary powers of comprehension and that, therefore, it is not impermissibly vague. We first address that contention.

Oregon law provides no statutory definition of "torture." Our review of the legislative history also fails to enlighten us concerning what conduct the legislature intended would constitute "torture." Although the word "torture" may be commonly understood, as the state and the dissent argue, that is not the test. *See State v. Hodges, supra,* 254 Or at 27-28. Commonly understood terms are often susceptible to varying interpretations, and "torture" is such a term. *Black's Law Dictionary* (5th ed 1979) defines it as the "inflict[ion of] intense pain to body or mind for purposes of punishment, or to extract a confession or information, or for sadistic pleasure." *Webster's Third New International Dictionary* (1976) provides several definitions, including:

> "The infliction of intense pain (as from burning, crushing, wounding) to punish or coerce someone * * *.

> "To punish or coerce by inflicting excruciating pain * * *.

> "To cause intense suffering * * *."

California defines "torture" to require "proof of infliction of extreme physical pain no matter how long its duration." Cal Penal Code § 190.2(a)(18). In other jurisdictions courts have provided varying definitions. *See Givens v. Housewright,* 786 F2d 1378 (9th Cir 1986) (applying Nevada law); *State v. Brock,* 101 Ariz 168, 416 P2d 601 (1966); *Townsend v. People,* 107 Colo 258, 111 P2d 236 (1941); *State v. McKenzie,* 186 Mont 481, 608 P2d 428 (1980); *State v. Bentford,* 39 NM 293, 46 P2d 658 (1935); *see, generally, Annot,* 83 ALR3d 1222 (1978).

---

[4] As Judge Tanzer said: "[I]t is doubtful that many offenders check Oregon Revised Statutes before deciding to do questionably nefarious deeds." *State v. Sanderson,* 33 Or App 173, 176, 575 P2d 1025 (1978).

■ Although each of those definitions is commonly understood to be "torture," the variations among them give rise to several questions concerning the Oregon legislature's intent: Would only the infliction of physical pain be considered "torture," or would only proof of mental suffering be sufficient under the statute; would the state be required to prove that the pain or suffering was inflicted for some particular purpose (such as to coerce, to punish or for sadistic pleasure), or would proof of the infliction of pain itself be sufficient; and would the state have to show a prolonged period of suffering, or would the infliction of pain no matter how short its duration be adequate. These questions lead us to conclude that an allegation of murder by torture under ORS 163.095(1)(e) cannot be submitted constitutionally to a jury without a definition of the term "torture," because otherwise the jury would be allowed impermissibly to determine a defendant's guilt in an *ad hoc* manner, unregulated by legislative standards. *State v. Graves, supra.* Additionally, without a legislatively articulated standard for the term, a trial court would have no standard for submitting one case to a jury and refusing to submit another case with a different set of facts. *State v. Hodges, supra,* 254 Or at 27.

■ The state, however, cites several cases from other jurisdictions (some of which are cited above) in which courts have judicially defined the term "torture" in statutes similar to ORS 163.095, apparently suggesting that we likewise judicially supply a definition for the term. Oregon law sometimes permits a vague statute to be saved by a judicial interpretation that gives it the required definiteness. *State v. Graves, supra,* 299 Or at 197. We are convinced, however, that the term "torture" in ORS 163.095 cannot be saved in that manner, because any construction that we might render "cannot be attributable to the legislature with reasonable fidelity to the legislature's words and apparent intent." *State v. Robertson,* 293 Or 402, 411, 649 P2d 569 (1982).

We hold that the term "torture" in ORS 163.095(1)(e) is unconstitutionally vague under Article I, section 20, because it creates a serious danger of unequal application of that statute. We also hold that the statute violates Article I, section 21, because the judge and the jury are

permitted to exercise uncontrolled discretion.[5] The trial court did not err in dismissing the aggravated murder counts.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I would hold that the trial court erred in allowing defendants' motion to dismiss. Therefore, I respectfully dissent.

Murder by torture is widely recognized as a particularly heinous form of murder, both in statutes that declare murder by torture to be murder in the first degree (*e.g.,* Cal Penal Code § 189; NM Stat Ann § 30-2-1) and in statutes that make torture of the victim one of the "aggravating" or "special" circumstances justifying imposition of the death penalty. *See, e.g.,* Cal Penal Code § 190.2(1)(18); Ga Code Ann § 27-2534.1(b)(7); Va Code § 19.2-264.2. Most murder by torture statutes do not include a definition of the word "torture."[1] The absence of a statutory definition has not resulted in those statutes being held unconstitutionally vague. Courts in those states have recognized their duty to attempt to save a statute, where possible, by interpreting it in such a way that would give it the required definiteness. For example, the Michigan Court of Appeals concluded that the word "torture," when given a common dictionary definition, was sufficiently definite to avoid a vagueness challenge:

> "Where a statutory term is not defined in the statute, it is to be given its ordinary meaning. An examination of the various dictionary definitions discloses that 'torture' refers to the intentional infliction of intense pain for various purposes such as sadistic pleasure, coercion, and punishment. We interpret the child torture statute as requiring a showing that

---

[5] Because we hold that the term "torture" in ORS 163.095(1)(e) is unconstitutionally vague under the Oregon Constitution, we need not decide whether it is impermissibly vague under the Fourteenth Amendment.

[1] In its opinion, the trial court noted: "The California legislature has defined [torture] as requiring 'proof of infliction of extreme physical pain no matter how long its duration.'" However, the court failed to recognize that the definition in California Penal Code section 190.2(a)(18) is, at most, a statutory substitute for the definition of "torture" developed by case law in the specific context of determining when capital punishment is appropriate. *See People v. Robertson,* 33 Cal 3d 21, 51, 188 Cal Rptr 77, 655 P2d 279 (1982). The existence of that statutory definition is not authority for the proposition that some definition of "torture" is required in every statute which prescribes a specific penalty for murder by torture.

the defendant intentionally inflicted extreme, intense, or severe pain or injury upon the victim. * * *

"We conclude that the term 'torture' does have a commonly understood meaning which gives a person of ordinary intelligence fair notice that his contemplated conduct is prohibited." *People v. Webb,* 128 Mich App 721, 727, 341 NW2d 191 (1983). (Footnotes and citations omitted.)

In *State v. Fahy,* 201 Kan 366, 440 P2d 566 (1968), the Kansas Supreme Court concluded that the use of the word "torture" in that state's child abuse statute did not render it unconstitutionally vague. The court concluded:

"The fact that the trial court sees fit to define the language used in a statute by governing case law or common dictionary meaning does not indicate indefiniteness. It is only required that the phrase used provides reasonably definite standards which one reading the statute can understand and contemplate. We hold that words like 'beat,' 'abuse,' 'torture,' 'cruelty' and 'traumatic' provide such standards." 201 Kan at 370. (Citations omitted.)

Other courts have also supplied definitions for the word "torture," whether in answer to a vagueness challenge or to explain why specific conduct does or does not fit within the definition of the word.[2] *See State v. Brock,* 101 Ariz 168, 171, 416 P2d 601 (1966); *People v. Steger,* 16 Cal 3d 539, 546, 128 Cal Rptr 161, 546 P2d 665 (1976); *Townsend v. People,* 107 Colo 258, 265-66, 111 P2d 236 (1941); *Justus v. State,* 247 Ga 276, 279, 276 SE2d 242 (1981); *Hance v. State,* 245 Ga 856, 861, 268 SE2d 339 (1980); *State v. Cross,* 308 NW2d 25, 26 (Iowa 1981); *State v. Sonnier,* 402 So 2d 650, 659 (La 1981); *State v. McKenzie,* 608 P2d 428, 445 (Mont 1980); *State v. Bentford,* 39 NM 293, 296-97, 46 P2d 658 (1935); *Commonwealth v. Pursell,* 495 A2d 183, 196 (Pa 1985); *State v. Williams,* 690 SW2d 517, 529 (Tenn 1985).

Statutes may be saved by judicial construction. *See*

---

[2] For an example of a definition supplied by a court, *see State v. Brock, supra,* 101 Ariz at 171:

"Murder is perpetrated by torture when the assailant intends to cause cruel suffering for the purpose of revenge, extortion, persuasion, or to satisfy some other untoward propensity. * * * There need not be an intent to cause death, but there must be a separate intent to cause pain and suffering for one of the enumerated purposes."

*State v. Graves,* 299 Or 189, 197, 700 P2d 244 (1985); *State v. Robertson,* 293 Or 402, 411, 649 P2d 569 (1982). The word "torture" has a commonly understood meaning. Even the majority here lists several dictionary definitions. It then concludes that variations in those definitions leave several questions of legislative intent unanswered. Although dictionary definitions do vary somewhat, they also share several similarities. There is no reason why ORS 163.095(1)(e) cannot be saved by using a dictionary definition.[3] In *State v. Goodall,* 90 Or 485, 487, 175 P2d 857 (1919), the Supreme Court stated:

> "The indictment in the present case charges that the defendant cruelly tortured and tormented the animal by riding it when it had a deep, ulcerated sore on its back, and by supplying it with insufficient food. The Standard Dictionary defines torture as 'the act or operation of torturing; the infliction of or subjection to extreme physical pain.' The same authority defines torment thus: 'To subject to excruciating bodily or mental suffering.' "

I believe that the legislature would be stunned to learn that this court has concluded in this case that the word "torture" is unconstitutionally vague.

---

[3] There is authority for the proposition that broadly worded statutes authorizing capital punishment for "especially heinous," "vile, horrible, or inhuman" conduct involving "torture" are unconstitutional, on the theory that they do not meaningfully narrow the field of persons subject to the death penalty. *See Godfrey v. Georgia,* 446 US 420, 100 S Ct 1759, 64 L Ed 2d 398 (1980); *People v. Superior Court,* 31 Cal 3d 797, 183 Cal Rptr 800, 647 P2d 76 (1982): *but see State v. Sonnier, supra,* 402 So 2d at 658-660 (La 1981); *Jones v. Commonwealth,* 228 Va 427, 446, 323 SE2d 554 (1984). However, that line of authority does not support an argument that the word "torture" is, itself, unconstitutionally vague. Neither does it support the trial court's ruling in this case that all prosecutions under ORS 163.095(1)(e) are barred. Oregon law on vagueness is settled to the contrary. *See, e.g., State v. Wojahn,* 204 Or 84, 136-37, 282 P2d 675 (1955); *State v. Timmons,* 75 Or App 678, 681, 706 P2d 1018, *rev den* 300 Or 451 (1985); *State v. Corpuz,* 49 Or App 811, 818-19, 621 P2d 604 (1980); *State v. Samter,* 4 Or App 349, 352-53, 479 P2d 237 (1971).