Argued and submitted July 7, reversed and remanded with instructions
August 24, 1987

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## DONALD EDWARD CORNELL,
*Respondent on Review,*

(TC 85-1107; CA A38557; SC S33887)

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## MARK ALLEN PINNELL,
*Respondent on Review.*

(TC 85-1106; CA A39036; SC S33887)

741 P2d 501

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause and filed the petition on behalf of the petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen J. Williams, Salem, argued the cause on behalf of the respondents on review.

GILLETTE, J.

Before Peterson, Chief Justice, and Lent, Campbell, Carson, Jones and Gillette, Justices.

## GILLETTE, J.

In these two criminal cases, consolidated for the purposes of appeal, defendants each were charged with one count of aggravated murder, ORS 163.095(1)(e), and two counts of felony murder, ORS 163.115(1)(b), all the charges arising out of the death of the same victim. The section of the aggravated murder statute under which they were charged elevates murder to aggravated murder when the murder is committed "in the course of or as a result of intentional * * * torture of the victim." ORS 163.095(1)(e). The trial court, in response to motions from both defendants, held that ORS 163.095(1)(e) is unconstitutionally vague under Article I, sections 20 and 21, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution, because the legislature has not provided a definition of "torture" in the statute.[1] Absent such a definition, the trial court held, courts and juries are not authorized to define and apply the term to the facts of a given case. The state appealed and the Court of Appeals, one judge dissenting, affirmed. *State v. Cornell/Pinnell,* 83 Or App 559, 732 P2d 922 (1987). We granted the state's petition for review to determine whether the term "torture" is unconstitutionally vague. We conclude that it is not and, accordingly, reverse the decisions of the Court of Appeals and the trial court.

A criminal statute violates Article I, sections 20 and 21, of the Oregon Constitution, if it is so vague that it allows a judge or jury unbridled discretion to decide what conduct is prohibited in a given case. *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985); *see also State v. Blair,* 287 Or 519, 523, 601 P2d 766 (1979). A statute need not define an offense so precisely

---

[1] Article 1, section 20, of the Oregon Constitution, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article 1, section 21, of the Oregon Constitution, provides, in pertinent part:

"No *ex-post facto* law * * * shall ever be passed, nor shall any law be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution * * *."

The Fourteenth Amendment to the United States Constitution provides, in pertinent part:

"No State shall * * * deprive any person of life, liberty, or property, without due process of law * * *."

that, in every case, a person can determine the specific conduct that will fall within that statute's reach, but a reasonable degree of certainty is required by Article 1, sections 20 and 21. *State v. Graves, supra,* 299 Or at 195. Under the federal constitution, due process requires that a statute defining criminal conduct be sufficiently explicit to provide notice of the forbidden conduct. *Lanzetta v. New Jersey,* 306 US 451, 453, 59 S Ct 618, 83 L Ed 888 (1939)("a statute which * * * forbids * * * the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law"). *See also State v. Graves, supra,* 299 Or at 195; *State v. Hodges,* 254 Or 21, 27, 457 P2d 491 (1969); ORS 161.025(1)(c).

■     The question in this case boils down to whether, under the foregoing principles, the word "torture," as used in ORS 163.095(1)(e), is impermissibly vague. The majority below found that, without a statutory definition, the term, "torture," creates a serious danger of unequal application of the aggravated murder statute and permits a judge or jury to exercise uncontrolled discretion to decide what constitutes "torture." Statutes challenged on vagueness grounds sometimes can be saved by judicial construction. *See, e.g., State v. Moyle,* 299 Or 691, 706, 705 P2d 740 (1985); *State v. Garcias,* 296 Or 688, 700, 679 P2d 1354 (1984); *State v. Robertson,* 293 Or 402, 411, 649 P2d 569 (1982). The Court of Appeals, however, declined to supply a judicial definition for the term, noting that:

> "Oregon law provides no statutory definition of 'torture.' Our review of the legislative history also fails to enlighten us concerning what conduct the legislature intended would constitute 'torture.' Although the word 'torture' may be commonly understood, as the state and the dissent argue, that is not the test. *See State v. Hodges, supra,* 254 Or at 27-28. Commonly understood terms are often susceptible to varying interpretations, and 'torture' is such a term. *Black's Law Dictionary* (5th ed 1979) defines it as the 'inflict[ion of] intense pain to body or mind for purposes of punishment, or to extract a confession or information, or for sadistic pleasure.' *Webster's Third New International Dictionary* (1976) provides several definitions, including:
>
> " 'The infliction of intense pain (as from burning, crushing, wounding) to punish or coerce someone * * *.

" 'To punish or coerce by inflicting excruciating pain * * *.

" 'To cause intense suffering * * *.'

"* * * * *

"Although each of those definitions is commonly understood to be 'torture,' the variations among them give rise to several questions concerning the Oregon legislature's intent: Would only the infliction of physical pain be considered 'torture,' or would only proof of mental suffering be sufficient under the statute; would the state be required to prove that the pain or suffering was inflicted for some particular purpose (such as to coerce, to punish or for sadistic pleasure), or would proof of the infliction of pain itself be sufficient; and would the state have to show a prolonged period of suffering, or would the infliction of pain no matter how short its duration be adequate. These questions lead us to conclude that an allegation of murder by torture under ORS 163.095(1)(e) cannot be submitted constitutionally to a jury without a definition of the term 'torture,' because otherwise the jury would be allowed impermissibly to determine a defendant's guilt in an *ad hoc* manner, unregulated by legislative standards. *State v. Graves, supra.* Additionally, without a legislatively articulated standard for the term, a trial court would have no standard for submitting one case to a jury and refusing to submit another case with a different set of facts. *State v. Hodges, supra,* 254 Or at 27." 83 Or App at 562-63.

We assume that, in performing its law-making role, the legislature intends to act within constitutional bounds. *See State v. Anthony,* 179 Or 282, 169 P2d 587 (1946), *cert den* 330 US 826 (1947). In construing statutes, words of common usage should be given their plain, natural and ordinary meaning. *Perez v. State Farm Mutual Ins Co,* 289 Or 295, 299, 613 P2d 32 (1980). The Court of Appeals acknowledged that the term, "torture," may be commonly understood; however, it found that the common definitions of that term were too variable to enable one conclusively to determine the legislative intent behind ORS 163.095(1)(e). We disagree. Although it is true that the definitions quoted by the Court of Appeals' majority vary, they all contain sufficiently common elements so that, even absent a statutory definition or definitive legislative history, one can conclude that the legislature's purpose in enacting ORS 163.095(1)(e) was to elevate the punishment for murder when the perpetrator also separately intended to

inflict intense physical pain upon an unwilling victim.[2] We think at least that much is clear from the legislature's use of the term, and a jury may be instructed accordingly.[3]

■■  Not every infliction of intense physical pain, even through an intentional act known by the actor to be intensely painful, qualifies as "torture." The act must be intentional, of course, but the word "torture" itself connotes that the infliction of pain is one reason for the defendant's intentional act. To utilize the statute, the state must prove that the perpetrator had this objective apart from responsibility for the death of the victim. But the statute does not further require that the pain also be inflicted for one of several enumerated purposes, such as revenge, coercion or sadistic pleasure. *Compare, e.g., State v. Brock,* 101 Ariz 168, 171, 416 P2d 601 (1966); *People v. Tubby,* 34 Cal 2d 72, 76-77, 207 P2d 72 (1949). Motive rarely is made an element of a crime, and we will not impute to the legislature an intent to incorporate any specific motive, beyond the infliction of pain itself, as an element of torture.

We hold that the term "torture" in ORS 163.095(1)(e), as we have construed it in this opinion, is not so vague as to offend Article 1, section 20, of the Oregon Constitution, by creating a serious danger of unequal application of that statute. Similarly, we hold that the statute does not offend Article 1, section 21. A judge and jury are not granted unbridled discretion with respect to the application of the

---

[2] It is far less clear that the legislature considered the question whether purely mental anguish, as opposed to physical pain, is covered by the statute. Absent *some* legislative intimation, we decline to assume that it is, and therefore hold that the legislature intended to restrict the statute as presently written to cover only the infliction of physical pain.

[3] We also note that, in a slightly different context, this court in *State v. Goodall,* 90 Or 485, 488-89, 175 P 857 (1919), was able to state:

"The indictment in the present case charges that the defendant cruelly tortured and tormented the animal by riding it when it had a deep, ulcerated sore on its back, and by supplying it with insufficient food. The Standard Dictionary defines torture as 'the act or operation of torturing; the infliction of or subjection to extreme physical pain.' The same authority defines torment thus: 'To subject to excruciating bodily or mental suffering.' "

As already indicated, we find the same methodology satisfactory in establishing a constitutionally permissible interpretation of the word "torture" in ORS 163.095(1)(e).

term. Finally, because the term, "torture," as we have construed it, has a settled definition, it provides, with a reasonable degree of certainty, fair notice of what conduct is prohibited. Therefore, the enhancement of punishment for murder by torture is not so vague that it offends the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[4]

The decision of the Court of Appeals is reversed; the decision of the trial court is reversed. The cases are remanded to the trial court with instructions to reinstate the indictments and for further proceedings.

---

[4] In so holding, we note that a number of other jurisdictions have rejected vagueness challenges to the statutory use of the word "torture." *Chambers v. State,* 364 So2d 416 (Ala Cr App 1978); *State v. Stuart,* 110 Idaho 163, 715 P2d 833 (1985); *State v. Fahy,* 201 Kan 366, 440 P2d 566 (1968); *People v. Webb,* 128 Mich App 721, 341 NW2d 191 (1983); *People v. Biegajski,* 122 Mich App 215, 332 NW2d 413 (1982); *Deutscher v. State,* 95 Nev 669, 601 P2d 407 (1979); *State v. Ramseur,* 106 NJ 123, 524 A2d 188 (1987); *State v. Lucero,* 87 NM 242, 531 P2d 1215 (1975); *Commonwealth v. Nelson,* 514 Pa 262, 523 A2d 728 (1987); *Commonwealth v. Pursell,* 508 Pa 212, 495 A2d 183 (1985); *State v. Williams,* 690 SW2d 517 (Tenn 1985); *State v. Dicks,* 615 SW2d 126 (Tenn 1981). Other jurisdictions have been able to define the word "torture." *See State v. Brock,* 101 Ariz 168, 171, 416 P2d 601 (1966); *People v. Steger,* 16 Cal 3d 539, 546, 128 Cal Rptr 161, 546 P2d 665 (1976); *Townsend v. People,* 107 Colo 258, 265-66, 111 P2d 236 (1941); *Justus v. State,* 247 Ga 276, 279, 276 SE2d 242 (1981); *Hance v. State,* 245 Ga 856, 861, 268 SE2d 339 (1980); *State v. Cross,* 308 NW2d 25, 26 (Iowa 1981); *State v. Sonnier,* 402 So 2d 650, 659 (La 1981); *State v. McKenzie,* 186 Mont 481, 509-10, 608 P2d 428 (1980); *State v. Bentford,* 39 NM 293, 296-97, 46 P2d 658 (1935); *State v. Williams,* 690 SW2d 517, 529 (Tenn 1985).