Argued and submitted May 20, 1992, affirmed February 24, reconsideration denied April 28, petition for review allowed June 22, 1993 (317 Or 162)

# WESTWOOD HOMEOWNERS ASSOCIATION, INC.,
*Respondent,*

*v.*

# LANE COUNTY,
*Appellant.*

## (16-90-10439; CA A71452)

847 P2d 862

David B. Williams, Assistant County Counsel, Eugene, argued the cause and filed the briefs for appellant.

Frederick A. Batson, Eugene, argued the cause for respondent. With him on the brief was Gleaves, Swearingen, Larsen & Potter, Eugene.

J. David Bennett, Margot Poznanski and Copeland, Landye, Bennett and Wolf, Eugene, filed a brief *amicus curiae* for Oregon Land Title Association.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

RIGGS, J.

## RIGGS, J.

Defendant Lane County appeals a summary judgment for plaintiff. Plaintiff Westwood Homeowners Association (Westwood) sought foreclosure of a lien for assessments against certain lots within a planned unit development (PUD) that it manages. Lane County was the record title holder of those lots after foreclosure for nonpayment of real property taxes. Lane County counterclaimed to quiet title or to foreclose Westwood's lien if it had not been extinguished by the tax foreclosure. The trial court granted Westwood summary judgment, allowed it to foreclose against Lane County and denied Lane County any relief on its counterclaim. We affirm.

■ The party moving for summary judgment must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978). This case comes to us on stipulated facts. The only question on review is the scope of the term "encumbrance" as it is used in ORS 311.405(7)(a) and ORS 312.270.

When the PUD was created in 1980, the developer recorded a declaration as required by ORS 94.580. The declaration included several covenants, conditions and restrictions (CCRs), some of which are required by law, affecting each lot within the PUD. ORS 94.580. Among the CCRs required by law were those providing that Westwood could make assessments against each lot for common expenses and for a "reserve account" for replacing common property. ORS 94.580(2)(h), (i); ORS 94.595; *see also* ORS 94.625(1)(b), (h). Specifically, the declaration provides:

"Each Owner of any Lot by acceptance of a deed therefor * * * is deemed to covenant and agree to pay to the Association: (1) annual assessments or charges * * * and (2) special assessments for capital improvements * * *. The[se assessments] shall be a charge on the Lot and shall be a continuing lien upon the Lot * * *. The personal obligation for delinquent assessments shall not pass to his successors in title unless expressly assumed by them."

In 1986, Lane County began foreclosure proceedings against the subject lots for nonpayment of real property taxes. On January 28, 1987, a Judgment and Decree of Foreclosure was entered. On May 27, 1988, the Lane County

tax collector deeded the property to Lane County. *After* that transaction and based on the CCRs, Westwood made *new* assessments against the subject lots for common expenses and the reserve fund. Lane County refused to pay, claiming that the tax foreclosure extinguished all prior assessments as well as the CCRs. Westwood then filed this action to foreclose against the lots for nonpayment of the newly assessed charges. Again, Lane County argued, and argues on appeal, that the tax foreclosure extinguished *all* then-existing liens and encumbrances, including Westwood's CCRs. It relies on a plain meaning interpretation of ORS 311.405(7)(a) and ORS 312.270(1) to support its position. Those statutes provide:

> "[L]iens for ad valorem taxes * * * are superior to, have priority over and shall be fully satisfied before all other liens, judgments, mortgages, security interests or encumbrances on the property without regard to date of creation, filing or recording." ORS 311.405(7)(a).

> "When a county acquires real property by foreclosure for delinquent taxes, the conveyance vests in the county title to the property, free from all liens and encumbrances * * *." ORS 312.270(1).

This case involves the relationship between two different sets of statutes. Tax foreclosure statutes are intended to allow a government body to recover unpaid taxes and to vest in that body an indefeasible fee title in the taxed property. The planned community statutes are intended to standardize and simplify the development of such communities and "to assure proper maintenance of the projects so that the investment of the owners and the appearance of Oregon communities are protected." ORS 94.560(5). If possible, we should construe those separate statutory schemes consistently and in harmony with one another. ORS 174.010; *Cf., Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979).

In construing a statute, we first attempt to discern the intent of the legislature, beginning with the words of the statute. ORS 174.020; *Sullivan v. Kizer*, 115 Or App 206, 210, 839 P2d 227 (1992), *rev den* 315 Or 313 (1993). Words of common usage are usually given their ordinary meaning. *State v. Cornell/Pinnell*, 304 Or 27, 31, 741 P2d 501 (1987). However, when the words themselves do not provide sufficient insight into the legislative intent, or when giving words

their ordinary meaning produces an absurd or unreasonable result or creates a conflict with a constitutional provision, we must resort to extrinsic aids to construction. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990); *Salem College & Academy, Inc. v. Emp. Div.*, 298 Or 471, 481, 695 P2d 25 (1985); *Satterfield v. Satterfield*, 292 Or 780, 782, 643 P2d 336 (1982); *see also Sullivan v. Kizer, supra*, 115 Or App at 210.

Lane County argues that the term "encumbrance" is not ambiguous, because its plain meaning is its general definition. That definition includes "[a]ny right to, or interest in, land which may subsist in another to diminution of its value, but consistent with the passing of the fee." *Black's Law Dictionary* 274 (1983).[1] If Lane County is correct, that the legislature intended tax foreclosures to extinguish all encumbrances as that term is commonly defined, then Westwood's CCRs would have been extinguished in this case. Westwood would no longer be authorized to assess charges against the subject lots or to enforce any of the other CCRs, including use, building and architectural restrictions. In effect, the tax foreclosure would have operated to take the subject lots out of the PUD and the purposes for establishing the PUD would have been defeated. Accepting Lane County's definition of "encumbrance" would also mean that all CCRs, and even easements, on real property that had been subject to a tax foreclosure since the statutory language was adopted in 1933 are also extinguished. That interpretation is unreasonable at best, and we therefore resort to extrinsic aids to statutory construction in order to ascertain the meaning of the term "encumbrance" as used in ORS 311.405(7)(a) and ORS 312.270(1).

The common definition of encumbrance is so broad that it can include "liens, judgments, mortgages[ and] security interests." ORS 311.405(7); ORS 312.270(1). If the legislature intended such a broad meaning, then it was redundant

---

[1] The entire definition of "encumbrance" in *Black's Law Dictionary* is:

"Any right to, or interest in, land which may subsist in another to diminution of its value, but consistent with the passing of the fee. A claim, lien, charge or liability attached to and binding real property; *eg* a mortgage; judgment lien; mechanics' lien; lease; security interest; easement or right of way; accrued and unpaid taxes."

for ORS 311.405(7)(a) to list the specific types of interests that are extinguished in addition to encumbrances in general. Because every term in a statute should be construed to have significance and not to be mere surplusage, the legislature must have intended a more narrow meaning for the term "encumbrance" so that it would not "swallow" the specifically listed interests. *See Sullivan v. Kizer, supra*, 115 Or App at 211.

In the light of the foregoing analysis, it is appropriate to apply the rule of *ejusdem generis* to "encumbrances" as it is used in the tax foreclosure statutes. The rule provides that when general words follow the enumeration of specific classes of things, the general words are to be construed as restricted to things of the same type as those specifically listed. *Britton v. Bd. of Podiatry Examiners*, 53 Or App 544, 552, 632 P2d 1273, *rev den* 292 Or 109 (1981). ORS 311.405(7)(a) provides that tax liens have priority over "all other liens, judgments, mortgages, security interests, or encumbrances." We conclude that the term "encumbrances" includes only those encumbrances that are of the same class of interests specifically listed, that is, money or security interests in the subject property. That meaning also applies to ORS 312.270(1), in the absence of a clear indication of a contrary intent by the legislature. *Pease v. McCall*, 243 Or 383, 389, 413 P2d 722 (1966); *Cherry Growers v. Emp. Div.*, 25 Or App 645, 649, 550 P2d 1250 *rev den* (1976).

While Westwood's pre-foreclosure assessments are within the class of interests specifically listed in ORS 311.405(7)(a), its CCRs are not. The CCRs are not money or security interests in the subject property and were not extinguished by the foreclosure. Westwood is still authorized to assess post-tax foreclosure charges against the subject lots for the purposes specified in the CCRs. Summary judgment was appropriately granted to Westwood.

Affirmed.