Argued and submitted April 12, reversed August 18, 1993

STATE OF OREGON,
*Respondent,*

*v.*

GALEN WILLIAM DURANT,
*Appellant.*

(C91-09-34850; CA A73867)

857 P2d 891

Wayne Mackeson, Portland, argued the cause for appellant. With him on the briefs were Des Connall and Des Connall, P.C., Portland.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Defendant seeks reversal of his conviction for aggravated theft in the first degree. ORS 164.057. He assigns error to the denial of his demurrer and his motion for judgment of acquittal and also to the trial court's failure to give his requested jury instructions. We reverse.

Defendant paid the victim $10,000 for a 40 percent interest in the sports cards, sports memorabilia and profits of a sports card shop. Six weeks after purchasing this interest, defendant staged a burglary and took all the sports cards from the shop. He was charged with aggravated theft and criminal mischief. Before trial, defendant demurred on the ground that, when ORS 164.005(4), ORS 164.015(1) and ORS 164.105(2) are read together, a partner cannot be convicted of the theft of partnership property. The trial court denied the demurrer. At the close of the state's case, he repeated the argument advanced in support of the demurrer and moved for a judgment of acquittal. That motion was denied. He later requested jury instructions concerning partnerships and partnership property. Those instructions were refused.

■ Defendant first assigns error to the denial of his demurrer. His demurrer was premised on a fact that did not appear on the face of the indictment: that he had a joint interest in the property alleged to be stolen. A defendant may not rely on facts extrinsic to the indictment to support his theory of invalidity. *State v. Kurtz*, 47 Or App 617, 624, 612 P2d 749 (1980). The demurrer was properly denied.

■ Defendant next assigns error to the denial of his motion for a judgment of acquittal. The question before us is whether ORS 164.105(2) provides an absolute defense to criminal prosecution for misappropriation of partnership property.

Under ORS 164.015(1), theft is committed when a person "[t]akes, appropriates, obtains or withholds such property from an *owner* thereof." (Emphasis supplied.) For purposes of the statutes defining theft, an owner is defined as "any person who has a right of possession superior to that of the taker * * *." ORS 164.005(4). Under ORS 164.105(2), "[a] joint or common owner of property shall not be deemed to

have a right of possession of the property superior to that of the taker * * *."

As the Commentary to the Oregon Criminal Code of 1971, section 130, explains, ORS 164.105(2) codifies the rule that a partner cannot be guilty of the theft of partnership property.

"[ORS 164.105(2)] defines the rights of joint or common owners, *such as partners*, and is a restatement of the generally accepted principle that one cannot 'steal' from the other if the taker has a right to possession at the time of the taking." (Emphasis supplied.)

The Commentary also states that ORS 164.105(2) is derived from New York Penal Law section 155.00.[1]

Although no Oregon cases have construed ORS 164.105(2), *People v. Zinke*, 76 NY2d 8, 555 NE2d 263 (1990), construing New York Penal Law section 155.00, is instructive. That case reviewed the long history of the traditional rule that "a man cannot commit felony of the goods, wherein he hath a property." Hale, *History of Pleas of the Crown* 513 (1683). The court noted that, in 1962, the Model Penal Code (MPC) rejected the traditional, common rule by defining theft as stealing property in which any person other than the actor has an interest, regardless of the fact that the actor also has an interest. MPC § 223.2 [4]; *People v. Zinke, supra*, 76 NY2d at 12. However, New York chose to codify the traditional rule. In 1971, the Oregon Legislature, doubtless aware of the MPC approach, chose to enact a statute that repeats, word for word, critical language from the New York statute, which in turn codified the traditional approach that partners cannot steal partnership property.

The state questions the wisdom of the traditional approach, and claims that many states have "quietly abrogated the common law rule in order to avoid an obvious opportunity for theft with immunity from prosecution." Here in Oregon, the legislature chose to codify, rather than

---

[1] The New York Penal Code defines theft as taking "property from an owner thereof." New York Penal Law § 155.05(1). It defines owner as "one who has a right to possession [of the property taken] superior to that of the taker." New York Penal Law § 155.05(5). However, "[a] joint or common owner of property shall not be deemed to have a right of possession superior to that of any joint or common owner thereof." New York Penal Law § 155.05(5).

abrogate, the common law rule. Therefore, until the legislature shows Lord Hale the door, partners in this state cannot steal partnership property, because their fellow partners have no superior interest in the property that is taken. The trial court erred in denying defendant's motion for judgment of acquittal.

Because we conclude that defendant's motion for judgment of acquittal was erroneously denied, we do not reach his final assignment of error.

Reversed.