Argued and submitted March 5, reversed and remanded March 27, petition for
review denied May 28, 1996 (323 Or 265)

## STATE OF OREGON,
*Appellant,*

*v.*

## STANLEY L. BARKER,
*Respondent.*

(94C-20910; CA A86892)

914 P2d 11

Timothy Sylwester, Assistant Attorney General, argued
the cause for appellant. On the brief were Theodore R. Kulon-
goski, Attorney General, Virginia L. Linder, Solicitor Gen-
eral, and Ann Kelley, Assistant Attorney General.

Todd McCann argued the cause for respondent. On the
brief was Burt, Swanson, Lathen, Alexander, McCann &
Smith.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant was charged with two counts of theft and five counts of official misconduct. ORS 164.055; ORS 162.415. The state appeals from an order that sustained defendant's demurrer to the indictments charging him with official misconduct.[1] We reverse and remand.

■ The indictment alleged that defendant, "being a public servant, to-wit: [A] Marion County Sheriff's Office Deputy, did then and there unlawfully and knowingly perform an act, to-wit: worked on a private job while on duty as a Sheriff's Deputy, which act constituted an unauthorized exercise of his official duties, with intent to obtain a benefit, to-wit: financial gain."[2]

Defendant's demurrer claims that the indictment fails to state facts constituting a crime. ORS 135.630(4). The essence of his argument is that the facts on which he expects the state to rely at trial are insufficient to prove the crime charged.

■■ In this case, the allegations of the indictment mirror the language of ORS 162.415(1)(b). That is sufficient to state an offense. *State v. Reed*, 116 Or App 58, 59, 840 P2d 723 (1992). Only if an accused can admit the truth of every allegation of fact in an indictment and still be innocent of a crime, is the indictment insufficient. *State v. Anderson*, 242 Or 457, 462, 410 P2d 230 (1966). Defendant's argument about what he expects the state to present at trial is premature and does not provide a basis for sustaining a demurrer. *State v. Kurtz*, 46 Or App 617, 624, 612 P2d 749, *rev den* 289 Or 588 (1980). Because of this disposition, we need not address the state's second assignment of error.

Reversed and remanded.

---

[1] ORS 162.415 provides in part:

"(1) A public servant commits the crime of official misconduct in the first degree if with intent to obtain a benefit or to harm another:

"* * * * *

"(b) The public servant knowingly performs an act constituting an unauthorized exercise in official duties."

[2] Each of the five counts of the indictment was identical, with the exception of the dates alleged.