Argued and submitted October 17, reversed and remanded December 24, 1997, petition for review denied April 7, 1998 (327 Or 82)

STATE OF OREGON,
*Appellant,*

*v.*

BRETT ALLEN MORGAN;
ANGELA MIDDLETON;
and SHANE SCOTT HALL,
*Respondents.*

(96CR1097FA, 96CR1097FB, 96CR1097FC; CA A95034)

951 P2d 187

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Charles F. Lee argued the cause for respondent Brett Allen Morgan. With him on the brief was Lee & Kaser, P.C.

Sally L. Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender, filed the brief for respondent Angela Middleton.

No appearance for respondent Shane Scott Hall.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendants were charged by indictment with one count each of delivery, possession and manufacture of a controlled substance. ORS 475.992. They demurred on the ground that the indictment was not sufficiently definite and certain as required under ORS 132.550(7).[1] The trial court sustained the demurrer, and the state appeals. ORS 138.060(1). We reverse.

Following the execution of a search warrant at a residence, the state submitted evidence to a grand jury, which returned the indictment against defendants on April 30, 1996. The indictment alleged in the language of the statute in three separate counts that defendants committed the offenses[2] and further alleged facts that if proven would only be relevant for sentencing purposes. Defendants[3] demurred:

---

[1] ORS 132.550 provides, in part:

"The indictment shall contain substantially the following:

"* * * * *

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended[.]"

[2] The indictment alleged, in part:

"Count 1

"The said [defendants], between the 1st day of March, 1996 and the 4th day of April, 1996, * * * did unlawfully and knowingly deliver marijuana, a schedule I controlled substance, in a quantity exceeding one avoirdupois ounce of its dried leaves, stems and flowers.

"* * * * *

"Count 2

"Based upon the act and transaction that is of the same or similar character as those set out in the preceding count, the said defendants, from on or about the 1st day of March, 1996 to on or about the 4th day of April, 1996, * * * did unlawfully and knowingly possess marijuana, a schedule I controlled substance in a quantity exceeding one avoirdupois ounce of its dried leaves, stems and flowers.

"* * * * *

"Count 3

"Based upon an act and transaction that is of the same or similar character as those set out in the preceding counts, the said defendants, from on or about the 4th day of April, 1996, * * * did unlawfully and knowingly manufacture marijuana, a schedule I controlled substance."

[3] The three defendants were represented by different attorneys. Defendant Morgan filed the demurrer and the others adopted his demurrer and supporting affidavit.

"Pursuant to ORS 135.630, Defendant hereby demurs to the indictment herein on the basis that the indictment is not sufficiently definite and certain, as required by ORS 135.630(6) and ORS 132.550(7), and the matter of uncertainty is not solved by discovery."[4]

Morgan's attorney filed an affidavit in support of the demurrer in which he averred,

"I * * * have reviewed the material provided in discovery in this case, and I do not know what particular acts the State refers to in the 3 counts of this indictment. * * *

"[Recounts and interprets the facts made available to defendants through discovery].

"Based on the discovery and the indictment, it is impossible to tell which facts are referred to in the indictment, and it is impossible to determine what the Grand Jury considered in returning this indictment. Defendant is unable to prepare for his defense, because he does not know what facts are alleged to constitute the crime in question."

■ Defendants argued to the trial court that the indictment was indefinite and uncertain because the police reports described more than one set of facts that occurred between the dates alleged in the indictment. The state responded that, even though the evidence disclosed through discovery could support more than one theory, the only proper ground for sustaining a demurrer under ORS 132.550(7) is that the indictment is indefinite or uncertain on its face. The trial court agreed with defendants.

■ Under ORS 135.630,

"The defendant may demur to the accusatory instrument when *it appears on the face thereof*:

"* * * * *

---

[4] Although defendants cited ORS 135.630(6) to the trial court as the basis for their demurrer, that subsection "only sets out language that specifically applies the requirements that an indictment be definite and certain [ORS 135.610(2)] to other accusatory instruments [*i.e.*, informations and complaints]." *State v. Shadley / Spencer / Rowe*, 16 Or App 113, 117-18, 517 P2d 324 (1973) (alterations in original). Thus, ORS 135.630(6) is not directly relevant to this case. *Id.* at 118. A demurrer to an *indictment* on the ground that it is not sufficiently definite or certain is properly raised under ORS 135.630(2), which, by express reference, requires that the indictment conform to ORS 132.550(7).

"(2) If the accusatory instrument is an indictment, that it does not substantially conform to the requirements of ORS 132.510 to 132.560 * * *." (Emphasis supplied.)

Generally speaking, an indictment is sufficient if it charges the offense in the language of the statute. *State v. Barker*, 140 Or App 82, 914 P2d 11, *rev den* 323 Or 265 (1996). It is uncontested in this case that each of the three counts of the indictment alleges all of the essential elements of the relevant offense and uses the language of the appropriate subsection of ORS 475.992.

■     Defendants do not argue that the statutory language defining the offenses is too generic, nor do they identify any particular allegation or statutory phrase[5] appearing on the face of the indictment that they claim to be indefinite or uncertain.[6] Rather, their supporting affidavit and arguments focus exclusively on facts that do not appear on the face of the indictment—facts that defendants learned only after the state provided them with discovery. Defendants also argue that because there are three defendants and a multitude of possible factual scenarios as revealed by the discovery materials, the indictment must allege which defendant was identified with which facts. That argument likewise depends on reference to facts that are not on the face of the indictment.

---

[5] On appeal, defendants rely on cases in which it was held that an indictment was not sufficiently definite or certain even though the offense was alleged in statutory language. In those cases, the defendants' demurrers were based on the premise that the statutory language itself was too general and the accusatory instrument required a more definite statement of the facts in order to inform the defendants of the offense with which they were charged. *See State v. Sanders*, 280 Or 685, 572 P2d 1307 (1977) (holding that an indictment for burglary must specify which "crime" it charges that the defendant intended to commit when he allegedly unlawfully entered a building); *see also State v. Cooper*, 78 Or App 237, 241, 715 P2d 504 (1986) (holding that a complaint for "promoting gambling" must allege particular facts because the statutory definition of "promotes gambling" contained a *nonexclusive* list of acts).

[6] To the extent that defendants' argument to the trial court could be understood to be an attack on the face of the indictment because two of the counts alleged that the crime occurred during a five-week period of time, that argument is simply wrong. Time is not an essential element of any of the offenses as charged. Therefore, the indictment was not required to set out the precise dates on which the alleged offenses occurred. *See State v. Wimber*, 315 Or 103, 110, 843 P2d 424 (1992). The indictment in this case satisfies the statutory requirement that it contain a statement in each count "that the offense charged therein was committed on, or on or about, a designated date, *or during a designated period of time*[.]" ORS 132.550. (Emphasis supplied.)

■ Defendants' arguments are contrary to ORS 135.630; a demurrer cannot be sustained on the basis of facts extrinsic to the indictment. *State v. Durant*, 122 Or App 380, 382, 857 P2d 891 (1993). Accordingly, the trial court committed error by relying on extrinsic facts in sustaining the demurrer.

Reversed and remanded.