Argued and submitted April 9, reversed and remanded December 19, 2001

STATE OF OREGON,
*Appellant,*

*v.*

JASON LEE AUSMUS,
*Respondent.*

9901-40130; A107691 (Control)

STATE OF OREGON,
*Appellant,*

*v.*

CHRISTOPHER PECK ANDREWS,
*Respondent.*

9812-51296; A107692

STATE OF OREGON,
*Appellant,*

*v.*

WARREN B. COX,
*Respondent.*

9901-40371; A107693

STATE OF OREGON,
*Appellant,*

*v.*

MARIA ESTELA GONZALEZ,
*Respondent.*

9901-40129; A107694

STATE OF OREGON,
*Appellant,*

*v.*

MASHAUN ALLEN HORNE,
*Respondent.*

9901-40128; A107695

STATE OF OREGON,
*Appellant,*

*v.*

LEAH HART-LANDSBERG,
*Respondent.*

9901-40231; A107696

STATE OF OREGON,
*Appellant,*

*v.*

CHARLES WILMER JOHNSON,
*Respondent.*

9905-43654; A107697

STATE OF OREGON,
*Appellant,*

*v.*

AARON WILLIAM MILLER,
*Respondent.*

9901-40232; A107698

STATE OF OREGON,
*Appellant,*

*v.*

KRISTEN EARLEEN SAGE,
*Respondent.*

9901-40126; A107699

STATE OF OREGON,
*Appellant,*

*v.*

DANA DEMASTER,
*Respondent.*

9812-51298; A107700

STATE OF OREGON,
*Appellant,*
*v.*

MELISSA WADE ROHS,
*Respondent.*

9901-40234; A107701
(Cases Consolidated)

37 P3d 1024

Richard D. Wasserman, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Andrew S. Chilton argued the cause for respondents Warren B. Cox, Maria Estela Gonzalez, Leah Hart-Landsberg, Charles Wilmer Johnson, Aaron William Miller, Dana DeMaster, and Melissa Wade Rohs. With him on the brief were Lake James H. Perriguey, Steven J. Sherlag, Timothy M. Bowman, Lisa J. Ludwig, Stuart A. Sugarman, Paul T. Loney, and A. Alexander Hamalian.

No appearance for respondents Jason Lee Ausmus, Christopher Peck Andrews, Mashaun Allen Horne, and Kristen Earleen Sage.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

ORS 166.025(1) provides, in part:

"A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"* * * * *

"(e)   Congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse[.]"

At issue in this case is the facial constitutionality of that statute. In each of the several cases consolidated for the purposes of this appeal, the trial court concluded that ORS 166.025(1)(e) is unconstitutionally vague and sustained demurrers to indictments charging defendants with violating the statute. The state appeals, arguing that the trial court erred in reaching that conclusion. Defendants contend that the trial court did not err and that, in any event, the statute is unconstitutionally overbroad and violates both Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We conclude that the state is correct and reverse and remand.

■       We review the trial court's ruling on a demurrer challenging the constitutionality of the statute under which charges have been brought for errors of law. ORS 138.220; *State v. Lam*, 176 Or App 149, 154, 29 P3d 1206 (2001). We begin with the question whether the statute is unconstitutionally overbroad. A statute is "overbroad" in violation of both state and federal constitutions if it prohibits conduct that is constitutionally protected. *State v. Blocker*, 291 Or 255, 261, 630 P2d 824 (1981). In this case, defendants express concern that ORS 166.025(1)(e) could be overbroad if it were read to prohibit a person from failing to disperse because the order to disperse in fact was not lawful. The state responds that the proper inquiry is not whether the statute *could* be read to extend to constitutionally protected conduct but, rather, whether it actually does so. In this instance, the state contends, the statute does not. According to the state, a person violates ORS 166.025(1)(e) only if he or she refuses to

comply with a *lawful* order to disperse. An order to disperse, the state argues, is lawful only if it does not infringe on a person's constitutional rights.

■     We agree with the state. An order to disperse that violates a person's constitutional rights—for example, the rights to freedom of expression or freedom of assembly guaranteed by Article I, sections 8 and 26, of the Oregon Constitution, respectively—is not a "lawful" order. ORS 166.025(1)(e) prohibits refusal to comply only with a "lawful" order. We conclude that, on its face, the statute is not unconstitutionally overbroad.

■     We turn to whether the statute nevertheless is unconstitutionally vague. Under Article I, sections 20 and 21, of the Oregon Constitution, a statute may not be so vague "that it allows a judge or jury unbridled discretion to decide what conduct is prohibited in a given case." *State v. Cornell / Pinnell*, 304 Or 27, 29, 741 P2d 501 (1987). The statute must provide "fair notice of the forbidden conduct." *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985). A statute need not be so precise as to enable a person in every case to determine in advance whether conduct is within the reach of the statute, "but a reasonable degree of certainty is required." *Id.* Similarly, under the federal constitution, an essential requirement of due process of law is that a statute defining criminal conduct must provide reasonable notice of the prohibited conduct. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 US 489, 503, 102 S Ct 1186, 71 L Ed 2d 362 (1982).

■     Under both state and federal law, in a *facial* challenge on vagueness grounds, the facts of a particular case are irrelevant; the challenge will not succeed unless the person advancing it can demonstrate that the statute is unconstitutionally vague in all of its possible applications. As the Oregon Supreme Court explained in *State v. Sutherland*, 329 Or 359, 365, 987 P2d 501 (1999):

> "For a statute to be facially unconstitutional, it must be unconstitutional in all circumstances, *i.e.*, there can be no reasonably likely circumstances in which application of the statute would pass constitutional muster. *See, e.g., State v. Chakerian*, 325 Or 370, 381, 938 P2d 756 (1997) (for a statute to be deemed to be impermissibly vague, it must be

shown to be 'vague in all of its possible applications' (quoting *State v. Robertson*, 293 Or 402, 411 n 8, 649 P2d 569 (1982)); *United States v. Salerno*, 481 US 739, 745, 107 S Ct 2095, 2100, 95 L Ed 2d 697 (1987) (so holding under the United States Constitution in connection with an examination of the constitutionality of the federal Bail Reform Act)."

In this case, the state contends that there are circumstances easy to envision in which the statute may be applied constitutionally. As an example, the state suggests a person who intentionally instigates and participates in a violent riot and then refuses to comply with a police order to disperse. Persons of ordinary intelligence, the state argues, would understand that such conduct violates ORS 166.025(1)(e).

Defendants do not take issue with the state's example. Indeed, defendants do not respond to it in their brief at all. When pressed at oral argument, their only response was that the Oregon Supreme Court was simply wrong in holding that a facial challenge may succeed only when it is shown that the challenged statute is vague in all possible applications.

It is not our role to take issue with the analysis that the Supreme Court has articulated. Applying that analysis to this case, we conclude that the state is correct that defendants have failed to demonstrate that ORS 166.025(1)(e) is unconstitutionally vague in all reasonably possible applications.

We turn to defendants' final argument, that, apart from overbreadth and vagueness considerations, ORS 166.025(1)(e) violates Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the United States Constitution. According to defendants, the statute is unconstitutional because it permits the police officer on the scene to have "sole discretion as to whether or not to order a dispersal." Cited as authority for their argument is *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955).

The state argues that *Pirkey* no longer is good law and that, to prevail under either the state or the federal constitution, defendants must demonstrate that the statute has

been applied to them unequally, not merely that the statute creates the *possibility* of unequal treatment.

In *Pirkey*, the Oregon Supreme Court struck down a statute that permitted the same conduct to be charged either as a felony or as a misdemeanor. The court held that the statute violated the Equal Protection Clause because it failed to set out standards to limit the discretion to determine the nature of the charge. 203 Or at 708. In *City of Klamath Falls v. Winters*, 289 Or 757, 781, 619 P2d 217 (1980), however, the court overruled *Pirkey*, holding that the United States Supreme Court's later decision in *United States v. Batchelder*, 442 US 114, 99 S Ct 2198, 60 L Ed 2d 755 (1979), was "directly contrary to the rule adopted by the court in *Pirkey*." We reject defendants' argument without further discussion.

Reversed and remanded.