Argued and submitted August 29, 2001, affirmed January 9, 2002

# STATE OF OREGON,
## *Respondent,*

*v.*

# BRIAN LEE ANDRE,
## *Appellant.*

## D9801205M; A107789

38 P3d 949

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## LANDAU, P. J.

Defendant was convicted of, among other things, interfering with a peace officer. ORS 162.247. He appeals the conviction, arguing that: (1) the charging instrument was insufficiently definite and certain and (2) the statute under which he was charged is unconstitutionally vague. We affirm.

Defendant was charged by misdemeanor complaint, which alleged, in part:

"Count 1

"That [defendant] on or about the 7th day of March, 1998, in Washington County, Oregon, did unlawfully and intentionally damage a road sign, the property of Washington County * * *.

"Count 2

"[A]s part of the same act and transaction alleged in Count 1, [defendant] on or about the 7th day of March, 1998, in Washington County, Oregon, did unlawfully and knowingly refuse to obey a lawful order of Robert Obenauf, a person known by the said defendant to be a peace officer[.]"

The complaint alleged that defendant's conduct as alleged in Count 2 violated ORS 162.247(1), which provides that a person commits the crime of interfering with a peace officer if the person knowingly "[r]efuses to obey a lawful order by the peace officer."

Defendant demurred, arguing that the complaint was not definite and certain in that it failed to specify the nature of the order that he refused to obey. He also argued that ORS 162.247(1) is unconstitutionally vague because the nature of the "lawful order" is uncertain. The trial court overruled the demurrer.

■ On appeal, defendant first argues that the trial court erred in concluding that the charging instrument is sufficiently definite and certain, because it does not specify the nature of the order that he refused to obey. The state argues that the complaint is sufficient, because it pleads the crime

charged in the language of the statute. According to the state, the specific nature of the order that defendant refused to obey is a matter of proof, not to be considered in a facial challenge to the complaint.

ORS 135.630 provides that a defendant may demur to an accusatory instrument when it appears on the face of the instrument that, among other things, it "is not definite and certain." As a general rule, an accusatory instrument that employs the language of the statute will suffice. *State v. Wright*, 167 Or App 297, 307, 999 P2d 1220, *on recons* 169 Or App 78, 7 P3d 738, *rev den* 331 Or 334 (2000). In most cases, any imprecision in the instrument resulting from the use of the statutory language may be cured by pretrial discovery. *Id.* Only when, given the "nature or complexity of the crime, or the sheer volume of potential discovery, discovery cannot, as a practical matter, cure the imprecision of the charging instrument" will the use of statutory language not suffice. *Id.*

In this case, there is nothing particularly complex about the crime alleged in the complaint, and defendant offers no persuasive explanation why discovery could not cure any imprecision that he perceived in the complaint. He argues that there was more than one police order that could have been the basis for the charge. The fact that discovery shows more than one set of facts on which the state could rely, however, does not mean that the charging instrument is not definite and certain. *State v. Morgan*, 151 Or App 750, 754, 951 P2d 187, *rev den* 327 Or 82 (1998). We conclude that the complaint was sufficiently definite and certain.

Defendant next argues that, in any event, ORS 162.247(1) is facially invalid because it is unconstitutionally vague, in that it does not define what is meant by refusing a "lawful order." According to defendant, the statute does not give fair warning of what it prohibits because a person of ordinary intelligence would not understand its potential reach. The state counters that, in a facial challenge, the sole question is whether the statute is unconstitutional in all circumstances. Because there are circumstances in which the statute may be applied constitutionally, the state argues, defendant's facial challenge must fail.

In *State v. Sutherland*, 329 Or 359, 365, 987 P2d 501 (1999), the Supreme Court explained the proper inquiry when a statute is subjected to a facial challenge on vagueness grounds:

> "For a statute to be facially unconstitutional, it must be unconstitutional in all circumstances, *i.e.*, there can be no reasonably likely circumstances in which application of the statute would pass constitutional muster. *See, e.g., State v. Chakerian*, 325 Or 370, 381, 938 P2d 756 (1997) (for a statute to be deemed to be impermissibly vague, it must be shown to be 'vague in all of its possible applications' (quoting *State v. Robertson*, 293 Or 402, 411 n 8, 649 P2d 569 (1982))[.]"

As the state correctly observes, ORS 162.247(1) is not unconstitutionally vague in all reasonably possible applications. For example, a uniformed police officer could order a person who has instigated and participated in a violent riot to leave the area. A person of ordinary intelligence would understand that refusing to obey such an order would violate the statute. *See State v. Ausmus,* 178 Or App 321, 327, 37 P3d 1024 (2001). Similarly, if an officer ordered a person to stay away from a crime scene that was still being investigated, a person of ordinary intelligence would understand that refusing to obey the order would violate the statute. We therefore conclude that defendant has failed to demonstrate that ORS 162.247(1) is unconstitutionally vague.

Affirmed.