Argued and submitted March 31, reversed and remanded July 30, 2003

# STATE OF OREGON,
*Appellant,*

*v.*

# ROSE MARY ILLIG-RENN,
*Respondent.*

## CR0014215; A114387

73 P3d 307

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General.

Tammy W. Sun, Deputy Public Defender, argued the cause for respondent. With her on the brief was David Groom, Acting Executive Director, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

Schuman, J., concurring.

**KISTLER, J.**

Defendant was charged by information with "refusing to obey a lawful order by a peace officer." ORS 162.247(1)(b).[1] According to the information, defendant refused "to step down from [a] truck" when ordered to do so. Defendant demurred to the information, arguing that the statutory phrase "lawful order" is overbroad and facially vague. The trial court allowed the demurrer. The state filed a pretrial appeal, arguing that ORS 162.247(1)(b) is neither overbroad nor facially vague. We reverse and remand.

■ ■ We begin with the state's argument that ORS 162.247(1)(b) is not overbroad under either the state or the federal constitution. A statute is overbroad if it reaches a substantial amount of constitutionally protected conduct. *State v. Garcias*, 296 Or 688, 699 n 10, 679 P2d 1354 (1984) (explaining that, under the state constitution, a statute that "reaches constitutionally protected behavior only rarely when compared with legitimate applications of the law need not succumb to an overbreadth attack"); *Houston v. Hill*, 482 US 451, 458, 107 S Ct 2502, 96 L Ed 2d 398 (1987). In *State v. Ausmus*, 178 Or App 321, 325, 37 P3d 1024 (2001), *rev allowed*, 334 Or 288 (2002), the defendants contended that a statute criminalizing the refusal to obey a "lawful order of the police to disperse" was overbroad. The state responded that the law was not overbroad because it required the defendant to comply only with lawful orders to disperse—*i.e.*, orders that did not infringe on constitutionally protected rights. In agreeing with the state's argument, we reasoned:

"An order to disperse that violates a person's constitutional rights—for example, the rights of freedom of expression or freedom of assembly guaranteed by Article I, sections 8 and 26 of the Oregon Constitution, respectively— is not a 'lawful' order. [The statute] prohibits refusal to

---

[1] Under ORS 162.247,

"(1) [a] person commits the crime of interfering with a peace officer if the person, knowing that another person is a peace officer:

"* * * * *

"(b) Refuses to obey a lawful order by the peace officer."

comply only with a 'lawful' order. We conclude that, on its face, the statute is not unconstitutionally overbroad."

*Ausmus*, 178 Or App at 326. The same reasoning applies equally here. Like the statute in *Ausmus*, ORS 162.247(1)(b) requires compliance only with lawful orders and cannot, by its terms, be overbroad.[2]

▮ Relying on *Ausmus*, the state also argues that ORS 162.247(1)(b) is not facially vague. In *Ausmus*, we began by recognizing that the defendant's vagueness claim rested on Article I, sections 20 and 21, of the Oregon Constitution and the Due Process Clause of the federal constitution.[3] 178 Or App at 326. We explained that

"[u]nder both state and federal law, in a *facial* challenge on vagueness grounds, the facts of a particular case are irrelevant; the challenge will not succeed unless the person advancing it can demonstrate that the statute is unconstitutionally vague in all of its possible applications."

178 Or App at 326 (emphasis in original). In *Ausmus*, we followed the test that the court announced for state constitutional vagueness claims in *State v. Chakerian*, 325 Or 370, 381, 938 P2d 756 (1997), and that it later reaffirmed in *State v. Compton*, 333 Or 274, 280, 39 P3d 833 (2002).[4] Because the statute at issue in *Ausmus* was capable of constitutional

---

[2] Because we decided *Ausmus* after the trial court granted defendant's demurrer, the court did not have the benefit of our opinion in that case or of our opinion in *State v. Andre*, 178 Or App 566, 38 P3d 949 (2002).

[3] A law will be vague in violation of the Due Process Clause if it fails to give fair notice of what it prohibits. *Delgado v. Souders*, 334 Or 122, 148, 46 P3d 729 (2002). A penal law will be vague in violation of Article I, section 21, of the Oregon Constitution if it gives judges and juries "unbridled discretion" to decide after the fact what is prohibited in a given case. *Id.* at 144. Similarly, a law that "give[s] unbridled discretion to judges and juries to decide what is prohibited in a given case * * * results in the unequal application of criminal laws" in violation of Article I, section 20. *State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985).

[4] In *Chakerian*, the defendants argued that the riot statute was unconstitutionally vague in violation of Article I, sections 20 and 21. 325 Or at 380. They did not raise a due process vagueness claim. *See id.* The court began its analysis of the defendants' state constitutional argument by stating that "to succeed on a facial vagueness claim, a party must show that a statute is unconstitutionally ' "vague in all of its possible applications." ' " *Id.* at 381 (italics and internal quotations omitted). Although the court stated that test, its analysis of the defendants' state constitutional vagueness claim was not as confined as the stated test would suggest. *See id.* at 382-84. The same is true of the court's analysis of the defendant's state constitutional vagueness claim in *Compton*. *See* 333 Or at 280-81.

application, we held that the defendants' facial vagueness challenge in that case failed. *Id.* at 327.

Relying on *Ausmus*, the state argues that, because ORS 162.247(1)(b) is also capable of constitutional application, defendant's facial vagueness challenge in this case fails as well. Defendant does not explain, in response, why the test that we applied in *Ausmus* should not apply here,[5] nor does she argue that ORS 162.247(1)(b)—the statute at issue here—is not capable of constitutional application. Indeed, defendant acknowledges that we rejected a facial vagueness challenge to ORS 162.247(1)(b) in *State v. Andre*, 178 Or App 566, 570, 38 P3d 949 (2002), reasoning that the statute was capable of constitutional application. Under *Ausmus* and *Andre*, defendant's facial vagueness challenge fails.

The concurrence would apply a different standard. In its view, the test for facial vagueness challenges that the court articulated in *Chakerian* should apply only to vagueness claims based on a lack of fair notice in violation of the Due Process Clause. 189 Or App at 55 (Schuman, J., concurring). A different test should apply, it reasons, when a party brings a facial vagueness challenge under Article I, sections 20 and 21. *Id.* The concurrence bases that conclusion on the fact that the Supreme Court recently clarified that a vagueness claim based on a lack of fair notice arises only under the Due Process Clause. *See Delgado v. Souders*, 334 Or 122, 144 n 12, 46 P3d 729 (2002). Although the court has clarified that point, it has not taken the additional step of explaining that the test for facial vagueness claims that it announced in *Chakerian* for state constitutional claims is limited to vagueness claims based on the Due Process Clause. Until it does so, we are bound to apply that test in deciding defendant's state constitutional vagueness claims. *See Powell v. Bunn*, 185 Or App 334, 357, 59 P3d 559 (2002) (following a Supreme Court precedent whose doctrinal underpinnings had been eroded).[6]

---

[5] Specifically, defendant does not argue that the test in *Ausmus* should not apply to vagueness claims under Article I, sections 20 and 21.

[6] We agree with the concurrence that, even if the test articulated in *Chakerian* is limited to vagueness claims under the Due Process Clause, ORS 166.247 is not facially vague in violation of Article I, sections 20 and 21. The phrase "lawful order" provides a meaningful standard that is reasonably capable of determination. It thus does not present a risk of ad hoc administration or *ex post facto* lawmaking that would run afoul of Article I, sections 20 and 21.

We accordingly reverse the trial court's order and remand this case for trial.

Reversed and remanded.

**SCHUMAN, J.,** concurring.

The majority holds that ORS 162.247(1)(b), which makes it a crime for a person "knowing that another person is a peace officer" to refuse to obey "a lawful order by the peace officer," is, on its face, neither overbroad nor fatally vague under either the Oregon or United States constitution. To reach that conclusion, the majority relies on *State v. Andre*, 178 Or App 566, 38 P3d 949 (2002), which, in turn, relies on *State v. Ausmus*, 178 Or App 321, 37 P3d 1024 (2001), *rev allowed*, 334 Or 288 (2002). I agree that the majority's conclusions are correct and that they necessarily follow from *Andre* and *Ausmus*. I write separately, however, because I believe that the Oregon Supreme Court's recent decision in *Delgado v. Souders*, 334 Or 122, 46 P3d 729 (2002), undermines any precedential value that *Ausmus* and *Andre* have in deciding defendant's claim that ORS 162.247(1)(b) is unconstitutionally vague under Article I, sections 20 and 21, of the Oregon Constitution. The majority reaches the correct conclusion on that issue but it does so under the wrong premise.

Vague criminal statutes offend at least three distinct constitutional requirements. First, "because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning." *Grayned v. City of Rockford*, 408 US 104, 108, 92 S Ct 2294, 33 L Ed 2d 222 (1972) (footnote omitted). This failure to provide "fair notice" violates the requirement of fundamental fairness imposed by the Due Process Clause of the Fourteenth Amendment. *Hoffman Estates v. Flipside, Hoffman Estates*, 455 US 489, 498, 102 S Ct 1186, 71 L Ed 2d 362 (1982). Second, vague penal statutes delegate to prosecutors, judges, or juries the ability to declare what conduct is unlawful after that conduct has occurred. This delegation violates the prohibition against *ex post facto* lawmaking in Article I, section 21, of the Oregon Constitution. *State v. Hodges*, 254 Or 21, 27, 457 P2d 491 (1969).

Third, they may give to law enforcement officers, prosecutors, judges, or juries the ability to engage in standardless, arbitrary law enforcement contrary to the mandate for equal treatment in Article I, section 20, of the Oregon Constitution. *State v. Cornell/Pinnell*, 304 Or 27, 32-33, 741 P2d 501 (1987).

Until relatively recently, Oregon courts clearly distinguished between the "fair notice" requirement of the United States Constitution and the "nondelegation" requirements of the Oregon Constitution. *See, e.g., Cornell/Pinnell*, 304 Or at 32. However, in a series of cases in the 1990s, the Supreme Court appeared to blur the distinction by finding a "fair notice" requirement in the Oregon Constitution. *See, e.g., State v. Plowman*, 314 Or 157, 160, 838 P2d 558 (1992), *cert den*, 508 US 974 (1993); *State v. Chakerian*, 325 Or 370, 382, 938 P2d 756 (1997). That mistake was recognized and rectified, however, in *Delgado*:

> "[T]his court's case law could be read to suggest that a vagueness challenge under Article I, section 21, can encompass a 'fair notice' element—that is, that Article I, section 21, prohibits the enactment of a law that fails to inform those who are subject to it, in a sufficiently explicit manner, ' "what conduct on their part will render them liable to its penalties." '
>
> "Upon closer examination of the case law, however, it is apparent that such suggestions concern the nature of the vagueness doctrine generally, rather than articulating any 'fair notice' requirement under Article I, section 21."

334 Or at 144 n 12 (citations omitted). Therefore, it is once again clear that an attack on a statute based on its failure to provide fair notice asserts a violation of the Due Process Clause of the Fourteenth Amendment, whereas an attack based on unlawful, standardless delegation and its consequent potential for *ex post facto* or arbitrary lawmaking derives from provisions of the Oregon Constitution.

With those distinctions as background, I turn to *Ausmus* and *Andre*, the cases on which the majority's opinion rests, and in particular to the statement in *Ausmus* that provides the majority's rationale here: "Under both state and federal law, in a *facial* challenge on vagueness grounds,

\* \* \* the challenge will not succeed unless the person advancing it can demonstrate that the statute is unconstitutionally vague in all of its possible applications." *Ausmus*, 178 Or App at 326 (emphasis in original). As authority for that statement, *Ausmus* then quotes *State v. Sutherland*, 329 Or 359, 365, 987 P2d 501 (1999):

> "For a statute to be facially unconstitutional, it must be unconstitutional in all circumstances, *i.e.*, there can be no reasonably likely circumstances in which application of the statute would pass constitutional muster. *See, e.g., State v. Chakerian*, 325 Or 370, 381, 938 P2d 756 (1997) (for a statute to be deemed to be impermissibly vague, it must be shown to be 'vague in all of its possible applications') (quoting *State v. Robertson*, 293 Or 402, 411 n 8, 649 P2d 569 (1982)); *United States v. Salerno*, 481 US 739, 745, 107 S Ct 2095, 2100, 95 L Ed 2d 697 (1987) (so holding under the United States Constitution in connection with an examination of the constitutionality of the federal Bail Reform Act)."

*Ausmus*, 178 Or App at 326-27.

Two problems are evident. First, *Ausmus* relies on *Sutherland*; *Sutherland* relies on *Chakerian*; and *Chakerian* relies on *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982), in particular on footnote 8. That note appears after a discussion in which the court observes that vagueness challenges based on "abdication of the lawmakers' responsibility to define a crime," that is, on faulty delegation, derive from the Oregon Constitution, whereas failure to notify potential defendants of a law's coverage "can constitute a denial of due process under the federal 14th amendment." *Robertson*, 293 Or at 408-09. The note itself deals only with federal "fair notice" challenges:

> "*So far as 14th amendment due process requires fair notice* to a defendant of what is forbidden, *Village of Hoffman Estates* explains that the defendant must show that he could not know that the (otherwise valid) terms of the law proscribed his conduct. When the law is attacked on its face in advance of potentially violative conduct, the Supreme Court stated:
>
> > " '[A court should] examine the facial vagueness challenge and, assuming the enactment implicates no

constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.' (footnote omitted).

"The court noted that 'the complainant must prove that the enactment is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all."'

*"The analysis based on fair notice to defendants, of course, does not necessarily apply equally to the other 'vagueness' objections based on legislative failure to make crucial policy choices in defining crimes and excessive transfer of those choices to prosecutors, courts, and jurors, to which we have referred above."*

*Robertson*, 293 Or at 411 n 8 (emphasis added; citations omitted). Clearly, *Robertson* notes a United States Supreme Court rule dealing with facial vagueness challenges under the federal constitution. It says nothing at all about facial vagueness challenges under Article I, sections 20 and 21, of the Oregon Constitution, except that the federal analysis does not "necessarily" apply. The Oregon cases that refer to it as though it does are simply wrong.

This case does not present the need to announce a rule for evaluating facial vagueness challenges under the Oregon Constitution. That is so because the statute at issue, making it a crime for the defendant to disobey the "lawful order" of a person the defendant knows to be a police officer, does not create the potential for ad hoc administration or *ex post facto* lawmaking. The danger of this statute does not lie in the fact that the articulated standard ("lawful order") can change from case to case or that it allows a judge or jury to tailor the definition to the act after it has occurred. In other words, although the term "lawful" is obscure, it is not elastic. I concur only to point out that, at the present time, a facial vagueness challenge under the Oregon Constitution, based on the danger of ad hoc administration and after-the-fact lawmaking, cannot be defeated merely by imagining a case in which those evils do not occur.