On appellant's petition for reconsideration filed January 4, reconsideration allowed; former opinion (196 Or App 765, 103 P3d 1178) modified and adhered to as modified April 13, 2005

# STATE OF OREGON,
## *Appellant,*

*v.*

# ROSE MARY ILLIG-RENN,
## *Respondent.*

CR0014215; A114387

110 P3d 137

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General, for petition.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

This case is before us for the third time. At issue is the facial constitutionality of ORS 162.247(1)(b), under which "[a] person commits the crime of interfering with a peace officer if the person, knowing that another person is a peace officer, * * * [r]efuses to obey a lawful order by the peace officer." In the first case, we held that the statute was constitutional, rejecting a challenge based on vagueness and overbreadth and relying principally on *State v. Ausmus*, 178 Or App 321, 37 P3d 1024 (2001). *State v. Illig-Renn*, 189 Or App 47, 73 P3d 307 (2003) (*Illig-Renn I*). Defendant petitioned for review before the Supreme Court, which had already allowed review in *Ausmus*. The court subsequently reversed in *State v. Ausmus*, 336 Or 493, 85 P3d 864 (2003), allowed review in this case, vacated our decision, and remanded to us for reconsideration in light of its *Ausmus* opinion. *State v. Illig-Renn*, 337 Or 327, 99 P3d 290 (2004) (*Illig-Renn II*).

On remand, we changed our analysis to conform to the Supreme Court's analysis in *Ausmus. State v. Illig-Renn*, 196 Or App 765, 103 P3d 1178 (2004) (*Illig-Renn III*). In *Ausmus*, the Supreme Court struck down ORS 166.025(1)(e), under which "[a] person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person * * * [c]ongregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse[.]" The court held that the statute was overbroad because it prohibited constitutionally protected conduct or speech. *Ausmus*, 336 Or at 508. We reasoned that, if a statute proscribing disobedience to a lawful order to disperse was overbroad because it criminalized some constitutionally protected conduct, then a statute that criminalized the same conduct plus much more conduct—that is, disobedience to *any* lawful order—must also be overbroad. *Illig-Renn III*, 196 Or App at 769-70.

Unfortunately, through no fault of either party, we issued our opinion in *Illig-Renn III* prematurely on the day before the state's supplemental brief was due. The state petitioned for reconsideration so that we might consider the

arguments it made in that brief. We allow reconsideration but we reject the state's argument.

That argument derives from the Supreme Court's jurisprudence under Article I, section 8, of the Oregon Constitution, the state's free expression guarantee. In *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982), the court drew an analytic distinction among statutes that prohibit or limit speech *per se* (for example, "It is unlawful to utter the following words: * * *."); statutes that focus on the achievement of an unlawful objective but specify that the objective might be achieved through expression (for example, "It is unlawful to coerce a person through physical violence or the verbal threat of physical violence."); and statutes that focus on the achievement of an unlawful objective and do not specify speech as a method of accomplishing the objective but can, in some circumstances, involve expression (for example, "It is unlawful to trespass on county property," applied against a person conducting a sit-in at the county fair to protest animal abuse). Under *Robertson* and subsequent cases, only the first two kinds of statutes are susceptible to a facial challenge, that is, a challenge based on the theory that, regardless of how the statute is applied, the legislature, in enacting it, violated the constitution. A statute of the third type—one that does not in terms mention speech—is typically challenged only on an as-applied basis.

In the present case, the state argues that the "refusal to disperse" statute that the court struck down in *Ausmus* was directed by its terms at constitutionally protected conduct ("[c]ongregat[ing] with other persons in a public place," ORS 166.025(1)(e)), thereby falling into the first *Robertson* category and, for that reason, was susceptible to a facial overbreadth challenge, while the statute at issue in this case does not explicitly mention any constitutionally protected conduct and therefore is susceptible only to an as-applied challenge.

The state's argument has two problems. First, neither this court nor the Supreme Court has ever held that a speech-neutral statute that can implicate speech cannot be subjected to a facial challenge. In *Robertson*, the court stated in *dictum* that a person accused of violating such a statute

"would be left to assert" an as-applied challenge, but also, in a footnote to that statement, indicated at least one situation in which a facial challenge *could* be maintained. 293 Or at 417, 417 n 11. In *City of Eugene v. Miller*, 318 Or 480, 488, 871 P2d 454 (1994), the court held that such laws "are analyzed to determine whether they violate Article I, section 8, as applied." Neither of these statements forecloses the possibility of a facial challenge, particularly in a situation in which the speech-neutral statute incorporates or subsumes a speech-implicating statute that is itself overbroad.

More significantly, the state's argument depends on the premise that "[b]ecause the right to freedom of assembly provided by Article I, section 26, is closely related to the right to freedom of speech under Article I, section 8, the overbreadth inquiry should be the same for both rights." It is true that, in some circumstances, freedom of assembly and freedom of expression are intertwined; indeed, in *Ausmus*, the court repeatedly pairs sections 8 and 26 of Article I. However, the state provides no authority, nor have we been able to find any, for the proposition that the overbreadth analysis applicable to expression under Article I, section 8, carries over to assembly under Article I, section 26. This absence of authority, coupled with the logic of *Illig-Renn III*—if one statute is unconstitutionally overbroad because it reaches constitutionally protected conduct, then a second statute wholly subsuming the first and reaching the same conduct must also be constitutionally overbroad—compels us to reject the state's argument. If speech-neutral statutes may not be challenged facially under Article I, section 8, and that rule extends into the area of free assembly so as to override the logic of *Ausmus* and *Illig-Renn III*, it is up to the Supreme Court to say so.

Reconsideration allowed; former opinion modified and adhered to as modified.