Submitted on remand from the Oregon Supreme Court April 10,
affirmed December 5, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BUFF NERETIN,
*Defendant-Appellant.*

Multnomah County Circuit Court
020342851; A118667

173 P3d 834

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was charged with violating, among other things, ORS 162.247(1)(b),[1] which provides that "[a] person commits the crime of interfering with a peace officer * * * if the person, knowing that another person is a peace officer * * * [r]efuses to obey a lawful order by the peace officer." Before trial, defendant filed a demurrer that asserted that the statute, on its face, is unconstitutionally overbroad and vague under various state and federal constitutional provisions. The trial court disallowed the demurrer, and defendant subsequently was convicted. Before sentencing, defendant filed a motion in arrest of judgment, arguing that ORS 162.247(1)(b) is unconstitutionally vague as applied to her. The trial court denied that motion.

On appeal, we reversed defendant's convictions, relying on *State v. Illig-Renn*, 196 Or App 765, 103 P3d 1178 (2004), *modified and adh'd to on recons*, 199 Or App 124, 110 P3d 137 (2005), a case in which we had held that ORS 162.247 is facially overbroad under Article I, sections 8 and 26, of the Oregon Constitution. *State v. Neretin*, 200 Or App 395, 114 P3d 539 (2005). At that point, the Supreme Court had allowed review in *Illig-Renn*, but had not yet issued its decision. Later, the Supreme Court reversed our decision in *Illig-Renn*, holding that ORS 162.247(1)(b) is neither facially overbroad nor facially vague. *State v. Illig-Renn*, 341 Or 228, 243, 142 P3d 62 (2006). Thereafter, the Supreme Court allowed review in *Neretin*, vacated our decision, and remanded the case to us for reconsideration in light of *Illig-Renn*. *State v. Neretin*, 342 Or 473, 155 P3d 51 (2007). On remand, we affirm the trial court's judgment.

Defendant makes two assignments of error on appeal: first, that the trial court erred in disallowing her demurrer that challenged the constitutionality of ORS 162.247(1) for overbreadth and vagueness; and second, that the trial court erred in denying her motion in arrest of judgment because the statute is vague as applied to her. As for

---

[1] The 2005 Legislative Assembly amended ORS 162.247(1). Or Laws 2005, ch 668, § 1. The amendments are not relevant to our analysis. Accordingly, we cite the current version of the statute.

the first assignment of error, we affirm the trial court's judgment. *Illig-Renn*, 341 Or at 243.

■■ As for the second assignment of error, defendant has not cited a specific provision of the state or federal constitution in support of the assignment or otherwise developed her constitutional argument. We therefore decline to address the assignment on its merits. *See, e.g., State v. McNeely*, 330 Or 457, 468, 8 P3d 212, *cert den*, 531 US 1055 (2000) (declining to address constitutional claims asserted but not developed).[2]

Affirmed.

---

[2] In response to the state's motion in the Supreme Court to remand this case for reconsideration under *Illig-Renn*, defendant advanced an alternative argument on which she believed that we could rely to adhere to our decision to reverse the judgment in this case: that ORS 162.247(1)(b) violates Article I, section 16, of the Oregon Constitution "and principles of due process."

Defendant did not preserve that argument at trial, nor did she raise it in her appellant's brief in this court. Accordingly, because the trial court did not consider the argument, it is unpreserved and we decline to address it. ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991).